Ellsworth v. Mitchell.

## Ellsworth & al. versus Mitchell.

A contract in violation of a statute, when introduced as evidence of a right to recover thereon, may be effectually resisted by a party to it, or by one in legal privity, but not by a mere stranger.

Where a mortgage is made to secure a claim, rendered void by the statute, and a subsequent mortgage of the same property is made to another person, to secure a lawful debt, the receiving of the money by the first mortgagee, for his claim, by a sale or a discharge of his mortgage, will not subject him to an action by the subsequent mortgagee to recover such money.

Assumpsit for money had and received. Wyatt & Son kept the Cumberland hotel in Portland. Being indebted to the Bank of Cumberland, they made to the same three mortgages of the furniture and other personal property in the hotel. They had purchased of the defendant supplies to the amount of $2108,21, toward which they owed $1413,77.

To secure that amount to the defendant, and also to secure a debt to Walter Corey, they made to the defendant and to Corey a mortgage, subject to the mortgages given to the bank. A part of the defendant's account was made subsequent to the 7th of October, 1846, (that being the day, upon which the Act of 1846, chap. 205, took effect, entitled "an Act to restrict the sale of intoxicating drinks.") That part of the account contained charges to the amount of $779, for spirituous liquors and wines. The defendant did not prove that he was ever licensed to sell such liquors.

Subsequent and subject to the mortgage made to Corey and the defendant, Wyatt & Son made a mortgage to the plaintiffs, to secure a debt justly due to them of about $600. Wyatt & Son then assigned to Moses Woodward the right to redeem against all the mortgages.

Upon the back of said mortgage made to Corey and the defendant, there was an assignment of the same to Woodward, who paid to the defendant the amount which the mortgage purported to secure to them.

The plaintiffs now claim that the above named sum of $779 for said liquors, was unlawfully received by the defendant, and that the defendant must be held to have received to the use of the plaintiffs, so much of it as would be sufficient to pay the debt due to the plaintiffs, and secured by said subsequent mortgage of the same property.

The case was submitted to the court for a decision according to the principles of law.

*Fox*, for the plaintiffs.

The sale of the liquor was unlawful. The mortgage to secure the payment for it was invalid. The Act of 1846, § 11, declares that money, received by the seller for liquors so sold, is held in violation of law and without consideration. The plaintiffs have the better right to it. *Winslow* v. *Rand*, 29 Maine, 362. The payment for that liquor could not lawfully be secured by the mortgage of Wyatt to the defendant. There can be no legal lien for an unlawful claim.

When the defendant received the money from Woodward, he illegally withdrew from the plaintiffs the whole amount of the plaintiff's debt, by taking the fund with which that debt ought to have been paid. That fund we may lawfully pursue in this form of action. *Randall* v. *Rich*, 11 Mass. 494; *Hunt* v. *Nevers*, 15 Pick. 505; *Appleton* v. *Bancroft*, 10 Metc. 231; *Milton* v. *Moshier*, 7 Metc. 244; *Gilman* v. *Wilbur*, 12 Pick. 154.

*W. P. Fessenden*, for defendant.

1. Wyatt could not have recovered the money sued for, in any other mode than that provided by statute. He would

have no common law remedy, and plaintiffs could have no great-
er right than Wyatt himself.   Greenl. on Ev. 2, § 111;   *Wor-
cester* v. *Eaton*, 13 Mass. 376.   And this is not an action
under the statute.   Stat. 1846, § 11, 12.

2. No action under the statute could be maintained, either
by Wyatt or a creditor.   Defendant received no money, nor
did he ever receive, or have possession of, any property, as
the case finds.   He had a mere lien by mortgage, and that
he sold, as he might legally do.

SHEPLEY, C. J. — This action, containing a declaration in
assumpsit for money had and received, is not founded upon the
Act approved on August 7, 1846.   The declaration is not so
framed as to enable the plaintiffs to recover by virtue of that
Act; nor do they profess to have complied with its provisions.
The provisions contained in the tenth section are relied upon
to show, that the mortgage made to Walter Corey and C. C.
Mitchell & Son, was illegal and void; and thence it is in-
ferred, that Mitchell & Son, having received money to pay an
illegal and void mortgage, cannot retain it, but must pay it to
the plaintiffs, who were subsequent mortgagees of Wyatt &
Son.

Contracts made in violation of the provisions of a statute
cannot be enforced in a court of justice, and may be effectu-
ally resisted, when introduced as evidence of title by a party
to them, or by one in legal privity with such party, but not
by a mere stranger, who would attempt to enforce the law
and to disturb the rights secured to the parties by such a
contract.

This is the well established construction of statutes, which
declare usurious contracts to be illegal and void.

In the case of *Green* v. *Kemp*, 13 Mass. 515, it was held,
that a mortgage made to secure an usurious contract was void
only as against the mortgager and those claiming the estate
under him, and that one, who had purchased the equity of re-
demption only, and not the entire estate, could not avoid the
mortgage by proof of usury.   That decision appears to have

been noticed with approbation in the case of *Richardson* v. *Field*, 6 Greenl. 36, where the tenant being a party to the usurious contract was permitted to make such a defence.

In the case of *Dix* v. *Van Wyck*, 2 Hill, 522, the plaintiff, as mortgagee of personal property, claimed to recover it from an officer, who had seized it upon an execution issued on a judgment recovered by a creditor of the mortgager, and it was decided, that the officer might defeat the plaintiff's title by proof of usury, because the creditor had seized the entire property and thereby succeeded to the rights of the mortgager. It was at the same time admitted, "that a deed or contract can only be avoided for usury, by the party who made it, or by some one standing in legal privity with him, and not by a mere stranger to the transaction."

The statutes prohibiting the taking of unlawful interest, and the sale of intoxicating liquors, rest upon similar principles of legislation. The rules of construction, determined to be applicable to one class of those enactments, may well be applied to the other.

The plaintiffs, as subsequent mortgagees, are alleged to come within the rule, which admits those in privity of title to show, that a contract between other parties was illegal. But the plaintiffs, by their mortgage, did not purchase or obtain a title to the entire property already mortgaged to others. Their mortgage declares, that it was "made subject to said three mortgages and also to a mortgage to Walter Corey and C. C. Mitchell & Son." They therefore became the owners of the property, subject to those mortgages, and did not acquire the rights of Wyatt & Son to defeat the mortgage made by them to Corey and Mitchell & Son, according to the decision in the case of *Green* v. *Kemp*, by proof, that it was made in violation of the provisions of a statute.

This would seem to be the aspect, which the case would present, if it were admitted, that the defendant had received money on account of an illegal contract unexecuted.

But the plaintiffs allege, that the mortgage, to which the defendant was a party, has been paid and not purchased by

Woodward. If so, that contract was perfectly executed and extinguished, before this suit was commenced; and the plaintiffs do not present themselves as resisting a title obtained and insisted upon in violation of a statute, but as attempting to recover back money paid upon an executed illegal contract, and without having been the persons who made the payment.

When a contract not *malum in se*, made in violation of the provisions of a statute, has been executed, a party, who has performed by the payment of money, cannot recover it back, unless he can show, that it was not paid for value actually received, but was obtained wrongfully or by undue advantage; or unless he can exhibit a statute provision expressly authorizing such a recovery. *Lowry* v. *Bordien*, Doug. 468; *Tappenden* v. *Randall*, 2 B. & P. 467; *White* v. *Franklin Bank*, 22 Pick. 181.

By the common law, therefore, a person, who has purchased intoxicating liquors of one not licensed to sell them, and who had received and paid for such liquors, could not recover back the money so paid.

The Act of 1846, gave new rights to the purchaser and his creditors, and if he or they would enforce those rights, they must employ the remedy and pursue the course prescribed by the Act. In the case of *Andover and Medford Turnpike Corporation* v. *Gould*, 6 Mass. 44, Parsons, C. J. says, " But it is a rule founded in sound reason, that when a statute gives a new power, and at the same time provides the means of executing it, those, who claim the power, can execute it in no other way."

It will not be necessary to consider the other points presented by the arguments.                    *Plaintiffs nonsuit.*