Filed May 29, 1894.

———————◆———————

No. 1,265.

## Woodruff *v.* The Board of Commissioners of Noble County.

Poor.—*Physician.—Employment by Township Trustee.— Validity of Contract.*—It is only where the board of county commissioners has failed to make provision for medical attention to the poor of a township, or where there is an emergency, that the township trustee can make a contract with a physician that will bind the county.

Same.—*County Commissioners.—Allowance to Physician.—Estoppel.*— The board of county commissioners has a right, in its discretion, to

make an allowance to a physician for services to the poor under a trustee's employment, although it has in force arrangements with other persons to render such services, and the fact that such an allowance is made does not estop the board to reject a claim for subsequent attention to the same persons.

SAME.—*Contract.*—*Only Parties May Question.*—It is only the parties to a contract that have a right to question its validity.

From the Noble Circuit Court.

*P. V. Hoffman,* for appellant.

*L. H. Wrigley,* for appellee.

LOTZ, C. J.—The appellant was the plaintiff in the court below. He alleged, in his complaint, that he was employed by the trustee of Perry township, in Noble county, as a physician and surgeon, to treat certain poor persons residing within said township; that under and by virtue of such employment he rendered medical services to such persons of the value of $80.15, which amount was due and unpaid.

The appellee answered the complaint in three paragraphs, the first being the general denial.

The second paragraph alleges, in substance, that in the year 1888, the board of commissioners of said county entered into a contract with the Noble County Medical Society, an organization composed of more than twenty resident physicians of Noble county, each of whom had knowledge of surgery, in which said society, for a consideration to be paid it, agreed, and became bound to render all necessary medical and surgical aid, assistance, care and treatment to the poor persons of said county, including the poor persons of Perry township, for the space of one year; that said contract was renewed from year to year, and was in full force, and said society and its members bound to perform medical and surgical services for the poor of said county and township when the services for which the plaintiff seeks

to recover were rendered; that at the time said services were rendered by the plaintiff, five members of said society resided in Perry township, who were competent and skilled physicians, and were easily accessible from all parts of said township; that each of said physicians had acquiesced in said contract, and was ready and willing, and bound by said contract, to render all necessary medical and surgical services to the poor persons named in the complaint; that all said facts were known to the trustee of said township, and neither of said physicians was notified or requested to render services to the poor persons named in the complaint.

The third paragraph avers, in substance, that at the time the services named in the complaint were rendered, the board of commissioners had entered into a contract with five different physicians, who were competent and skillful, to treat the poor of said township, and who resided therein, and were accessible and ready and able to perform the medical and surgical services for all the poor of said township, including the persons named in the complaint.

A demurrer for want of facts was overruled to the second and third paragraphs of answer, to which ruling the appellant excepted. The appellant then filed a reply to these answers, which avers, in brief, that the Noble County Medical Society is a voluntary association, organized under the laws of this State; that said society and said board attempted and pretended to enter into a contract for the treatment of the poor of said county and township; but that said contract was beyond the purpose and scope of the corporate powers of said association, and was null and void, and was not binding upon either said society or the members thereof; that the trustee of said township had no knowledge of said contract at the time he employed appellant; that sometime prior to the ren-

dition of the services named in the complaint, the said trustee had employed the appellant to render services to the same poor persons named in the complaint, and that he made out his claim for such services, and presented the same to said board, and said board allowed and paid the same; that neither the appellant nor the trustee had any knowledge of the existence of the contract named in the answers. It is not directly averred, but the inference arises that the appellant and said trustees were misled by the action of the board in allowing said claim; and that the appellant was induced to render the services sued for on account of such prior action of the board. A demurrer was sustained to this reply.

The errors assigned are the overruling of the demurrer to the second and third paragraphs of the answer and the sustaining of the demurrer to the reply.

By the statutes of this State, the maintenance and care of the poor is made a county, rather than a township, charge. The board representing the county may contract with physicians to attend upon and care for the poor of the county generally. The township trustees are made the overseers of the poor of their respective townships, and when the board of commissioners fail to make adequate provision for medical care and treatment, then such trustees may make contracts for that purpose that are binding upon the county. But it is only when the board have failed in the discharge of this duty or in cases of emergency that the trustee can make a valid contract. *Board, etc.,* v. *McLahlan,* 10 Ind. App. 95; *Board, etc.,* v. *Lomax,* 5 Ind. App. 567; *Board, etc.,* v. *Osburn,* 4 Ind. App. 590; *Robbins* v. *Board, etc.,* 91 Ind. 537.

It fully appears, from the averments of the answer, that ample provision had been made for the poor of Perry township. This being true, the trustee had no

power to make a contract with the appellant binding upon the county.

It is insisted that the answers are bad for the reason that no copy of the contract is set out or made an exhibit thereto. But the answers are not founded on the contract. No rights growing out of such contract are interposed to defeat the plaintiff's right of recovery.

. It is the fact of the existence of the contract that defeats a recovery. There was no error in overruling the demurrers to these paragraphs.

It is contended that the demurrer to the reply should have been overruled, because it is shown that the contract was void and was not binding upon either the medical society or the members thereof. It is not necessary, for the purposes of this case, to determine whether or not this contract was valid or void.

It is only the parties to a contract that have the right to question its validity. So long as the parties to this contract treated it as valid and performed its conditions, and so long as it accomplishes the purposes intended, it is a matter of no concern to the appellant whether it was valid or not.

Nor do we think there is any element of estoppel in the reply. It is a familiar rule that all persons who deal with public officers are bound to take notice of their official and fiduciary character, and that they can bind the corporations for which they act only within the strict letter of the law. Public corporations are created for governmental purposes. Their affairs are usually managed by public officers, but the corporation itself sustains a different relation to third parties from that occupied by private corporations. Many things that work an estoppel against a private corporation or private parties, will not constitute an estoppel against a public corporation. It was incumbent on the appellant to as-

certain whether or not the county board had made ample provision for the treatment of the poor of the township before he rendered the service under the direction of the trustee.   If he performed the service without having ascertained that fact, he did it at the risk of losing the same.   The county board had the right to make a contract for the performances of the services which, it is averred, the appellant rendered, and for which the allowance was made.

The board had the right to make such allowance at its discretion (section 7850, R. S. 1894; section 5763, R. S. 1881).   The fact that the board made such allowance can not be construed into an estoppel against the county and prevent it from denying the right of the trustee to make a contract with the appellant under the facts averred.

There was no error in sustaining the demurrer to the reply.

Judgment affirmed, at costs of appellant.

Filed May 29, 1894.