PARNELL, RESPONDENT, *v.* DAVENPORT ET AL., APPELLANTS.    | 36  571 |
                                                          | p39  556 |

(No. 2,506.)

(Submitted February 18, 1908.   Decided February 25, 1908.)

[93 Pac. 939.]

*Choses in Action—Assignment—Consideration—Joint Appeal— Effect.*

Choses in Action—Assignment—Duebills.
    1.   Defendants were assignees of moneys to be made out of certain wood contracts.   Plaintiff, an employee of the assignor, procured from the latter an order on defendants for wages due him.   On presentation of the order defendants took an assignment from plaintiff of all moneys due him for wages, and paid part of the order in cash and gave him a duebill for the balance.   In an action on the duebill, *held,* that the transaction between plaintiff and defendants amounted to an assignment of a chose in action, and that judgment for plaintiff was proper.

Same—Consideration.
    2.   The promise to pay the duebill referred to in the foregoing paragraph was supported by a sufficient consideration, under sections 2160, 2161, Civil Code, since by taking plaintiff's assignment of wages due him, defendants gained the advantage of having his possible statutory lien out of the way of asserting their claim under the employer's assignment to them.

Joint Appeal—Effect.
    3.   Where two defendants jointly moved for a new trial, the question, raised by one, that the evidence was insufficient to sustain the verdict as against him, will not be considered on appeal.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Samuel Parnell against J. R. Davenport and the Davenport Company on a duebill.   From an order denying defendants' motion for a new trial, they appeal.   Affirmed.

*Mr. John A. Smith,* for Appellants.

*Mr. T. F. Nolan,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1905, F. W. Warnock had a contract with the Original Mining Company to supply certain mining timbers, which he

procured in Jefferson county and shipped to the company in Butte. In order to prosecute his work, Warnock borrowed money from the appellant, the Davenport Company, and as partial security for such loan assigned to the Davenport Company the moneys due him each month for timber sold to the Original Mining Company. Parnell, the plaintiff and respondent, was employed by Warnock in cutting and preparing these mining timbers. On December 12, 1905, Warnock executed and delivered to Parnell the following order:

"Warnock's Camp, Dec. 12, 1905.

"J. R. Davenport:

"Please pay to Samuel Parnell the sum of one hundred and twenty-seven and 58/100 ($127.58) dollars, in full payment to date, and charge the same to my account, and greatly oblige.

"F. W. WARNOCK."

This order Parnell took to the Davenport Company, and received from the company $75 in cash and the following due-bill:

"December 14, 1905.

"Due Sam Parnell $52.58 on Warnock account, to be paid in January.

"J. R. DAVENPORT."

Demand having been made for the payment of the amount represented by this duebill, and payment having been refused, Parnell commenced this action to enforce payment as for a balance due on an account assigned to J. R. Davenport and the Davenport Company.

The joint answer of the defendants admits the execution, delivery, and presentation of the Warnock order, and the payment by the Davenport Company of $75, but alleges that the promise to pay the balance was made upon condition that sufficient funds from Warnock should come into the hands of Davenport or the Davenport Company; and it is further alleged that there were not any funds whatever from Warnock received by either of the defendants from which such payment could be made. An

attempt was also made to plead a counterclaim; but the allegations are insufficient for that purpose, and there is not any contention made here with reference to that so-called counterclaim.

The case was commenced in a justice of the peace court, where plaintiff had judgment. The defendants appealed to the district court, where the case was tried to the court sitting with a jury. A verdict was returned in favor of the plaintiff, and a judgment rendered and entered thereon. From an order denying defendants a new trial, this appeal was taken.

We think the liability of the defendant Davenport Company was properly fixed by the judgment in this case. Taking the defendants' own theory of the transaction, as disclosed by the testimony of J. R. Davenport, a witness for the defendants, and it seems to us that a different conclusion could scarcely be reached. That testimony discloses the business relations between Warnock and the Davenport Company. It further discloses that, when Parnell presented the Warnock order, an assignment of all moneys due from Warnock was taken by the Davenport Company, $75 paid in cash, and the duebill representing the balance given. It is entirely immaterial, then, what particular designation be given to the Warnock order, since it is manifest that the transaction between Parnell and the Davenport Company amounted to an assignment of a chose in action by Parnell to that company. (Civ. Code, secs. 1350, 1351.)

But it is said that there was not any consideration for the promise on the part of the Davenport Company to pay the balance represented by the duebill. With this we do not agree. Other matters aside, it is apparent that Parnell by such assignment waived his right to a statutory lien, while the Davenport Company gained the advantage of having such lien out of the way of asserting its claim to moneys which would accrue to Warnock from the sale of mining timbers prepared by Parnell, and which moneys the Davenport Company could claim under its assignment from Warnock, provided a lien upon the timbers was not asserted. Under these circumstances we deem the consideration sufficient. (Civ. Code, secs. 2160, 2161.)

There is some conflict in the evidence as to whether the promise to pay the balance represented by the duebill was an absolute or a conditional promise; but by the general verdict that controversy was settled in favor of plaintiff's contention that it was an absolute one.

Whether the evidence is sufficient to sustain the verdict as against J. R. Davenport need not be considered. The motion for new trial was a joint motion, and the notice of appeal was a joint notice. In 1 Spelling on New Trial and Appellate Procedure, section 372, it is said: "A party having ground for a new trial may lose the benefit of it by proceeding jointly with a party not so favorably situated with reference to the proceeding; and, where there is any doubt as to the identity of relation or equality of rights therein, a separate notice should be given, though they be represented by the same attorney." (*Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994.)

The order from which this appeal is taken is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.