OWENS, RESPONDENT, *v.* DAVENPORT ET AL., APPELLANTS.

(No. 2,703.)

(Submitted October 27, 1909.   Decided November 8, 1909.)

[104 Pac. 682.]

*Contracts—Illegality—Who may Invoke Defense—Pleading—*
*Choses in Action—Assignment—Briefs—Error—Waiver.*

Contracts—Illegality—Pleading.
    1.   The illegality of a contract, to be available as a defense, must be specially pleaded.

Same—Illegality—Who may and may not Invoke Defense.
    2.   While either party to an agreement may raise the question of its illegality, it may not be invoked by a third party.

Choses in Action—Assignment—Contracts—Illegality—When Defense not Available.
    3.   O. assigned to D. an order for wages earned in cutting timber. The latter paid O. part in cash and gave him a duebill for the balance, and as a consideration for accepting the order required him to assign to him his claim against his employer. In an action by O. to recover the balance due, D. interposed the defense that the timber had been illegally cut on unsurveyed public land. *Held,* that defendant could not raise the illegal character of the transaction out of which the claim sued on arose, but that his promise to pay, as evidenced by the duebill, was so far a new and independent agreement as not to be tainted with the illegality of the arrangement between plaintiff and his employer.

Briefs—Assignments of Error—Waiver.
    4.   Assignments of error made in the brief but not argued will be deemed waived.

*Appeal from District Court, Silver Bow County; Michael Don-*
*lan, Judge.*

ACTION by John R. Owens against J. R. Davenport and another.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

For Appellants there was a brief by *Messrs. Napton & Napton,* and oral argument by *Mr. H. P. Napton.*

*Mr. T. F. Nolan* submitted a brief in behalf of Respondent, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by plaintiff to recover from the defendants the sum of $66.46. The complaint alleges that on December 14, 1905, this plaintiff sold, assigned, and transferred to defendants a certain order in writing, as follows: "Warnock's Camp, Dec. 12, 1905. J. R. Davenport: Please pay to John R. Owens the sum of two hundred and twenty-six and 46/100 ($226.46) dollars, in full payment to date, and charge the same to my account and greatly oblige, F. W. Warnock"— that defendants then paid plaintiff therefor $160, and promised and agreed to pay him the further sum of $66.46 in January, 1906, but have failed and refused to do so. The amended answer admits the sale of the order, and that defendants paid therefor $75, but deny they ever promised to pay any further sum. As a special defense it is alleged that plaintiff was employed by Warnock to cut mining timbers; that such timbers were cut from unsurveyed government land; that neither plaintiff nor Warnock had a permit from the government to cut the timber; that payment has not been made to the United States for the timbers so cut; and that the amount sued for herein by plaintiff is a balance due for the work so done for Warnock. Upon the trial the plaintiff offered in evidence the following writing, given to him by defendants, as evidence of the balance due: "Received on account. December 14, 1905, due John Owens $66.46 on Warnock account to be paid in January. J. R. Davenport." The trial resulted in a judgment in favor of the plaintiff, and from such judgment and an order denying them a new trial, defendants appealed.

Only three questions are argued in appellants' brief, and the first of these is disposed of adversely to appellants by the case of *Parnell* v. *Davenport*, 36 Mont. 571, 93 Pac. 939, which was a companion case to the one before us.

The second question argued relates to the special defense set forth in the answer. It is contended that the agreement between

plaintiff and Warnock, under which the work was done by Owens was illegal, and therefore plaintiff cannot maintain this action upon an account arising out of such agreement. Assuming, without deciding, that in an action by plaintiff against Warnock for wages Warnock could have successfully made the defense that the contract from which the wages arose was illegal, still such a defense would have had to be specially pleaded; and, while either party to such agreement can raise the question of illegality, it is quite uniformly held that such a defense cannot be invoked by a third party. Plaintiff, having an order from Warnock for his wages, took it to these defendants, who paid him $160 in cash, and gave him the duebill for the balance. But in order that plaintiff should not assert any claim to a right to a lien upon the timbers he had cut for Warnock, the defendants required him, as a consideration for accepting the order and promising to pay it, that he assign to them his claim against Warnock, thereby waiving any claim of a lien. Assuming, then, that the original agreement between plaintiff and Warnock was illegal, still the new promise of the defendants, evidenced by the duebill, was, we think, so far a new and independent transaction that it is not tainted by the illegality of the original agreement, and can properly be enforced. (*Armstrong* v. *Toler,* 11 Wheat. 258, 6 L. Ed. 468; 9 Cyc. 563.)

We cannot see that the case is different from what it would have been had Warnock actually delivered the money to defendants, and defendants promised to pay it to plaintiff. Instead of doing just this, Warnock did substantially the same thing. He assigned to defendants the money coming to him from the Original Mining Company, from the sale of the timbers, and defendants agreed to pay the plaintiff the amount due him from Warnock. In principle just such a case is presented in *Barker* v. *Parker,* 23 Ark. 390. There Barker entered into a contract with Ervin, by the terms of which Ervin agreed to pay a certain sum of money to Barker for doing an illegal act. Ervin's promise was evidenced by a bond. After the illegal act had been done, Ervin paid over the money to Parker, who agreed

to pay it to Barker, but afterward refused to do so. Barker brought an action against Parker, and the latter pleaded that the transaction between Barker and Ervin was illegal. But he was not permitted to maintain this defense. The court said: "If the suit had been upon the bond, no doubt but the defense set up in the second plea of defendant, that the bond was executed upon an illegal consideration—for services rendered in the abduction of Cloud,—would have been a good bar to the action. But the suit was not upon the bond, or the illegal contract. Ervin, the principal in the bond, not choosing to avail himself of the illegality of the transaction to avoid payment, delivered the money due upon the bond to the defendant, to be paid over by him to the plaintiff, etc., and he agreed so to pay it over. This was a contract and undertaking on his part; and, though he was a surety of Ervin in the bond, and a party to the original contract, he was as much bound to pay the money over to the plaintiff as a stranger to the illegal contract would have been. If Ervin was willing to pay the money due on the bond, and delivered it to defendant for that purpose, what right had he to put the money in his own pocket, and to say that Ervin was not legally bound to pay the bond, and therefore he would keep the money? None, we think." We agree with this conclusion. (See, also, *Terry* v. *Olcott,* 4 Conn. 442.)

In closing the argument in their brief counsel for appellants say: "The cross-examination of witness Davenport was improperly allowed"; but with this we do not agree. We think the evidence adduced well within the rule prescribed in section 8021, Revised Codes.

The other assignments made in the brief are not argued, and are therefore deemed waived.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.