[Civ. No. 923.   Second Appellate District.—March 10, 1911.]

DOROTHY SMITH, an Infant, by Her Guardian ad Litem, A. D. SMITH, Appellant, v. ADA A. DRYDEN, Respondent.

BUILDING CONTRACT UNRECORDED—ACT OF INDEPENDENT CONTRACTOR—MODE OF STACKING BOARDS—INJURY TO INFANT—NONLIABILITY OF OWNER—FINDINGS.—An owner of a building which is being constructed by an independent contractor, under an unrecorded contract, under which, as the work is being performed, the owner neither has nor exercises any control, is not liable for an injury resulting to an infant from interference with boards stacked by the contractor for the purpose of drying the work, partly resting upon an adjoining lot, though the court in an action for such injury brought against the owner found that the injuries neither resulted from the negligence of the contractor in stacking the boards nor from the negligence of defendant.

ID.—EFFECT OF UNRECORDED CONTRACT—RELATION OF MASTER AND SERVANT NOT ESTABLISHED.—While the building contract, by reason of failure to file the same for record, is void for the purpose of an action thereon between the parties, and of subjecting the owner to any liens filed against the building, yet it does not establish the relation of master and servant between the owner and the contractor.

ID.—ABSENCE OF PERSONAL LIABILITY OF OWNER FOR DEBTS OR NEGLIGENCE OF CONTRACTOR.—Since the relation between the owner and the contractor under a contract which is void for want of record imposes no personal liability upon the owner for labor or materials

furnished to the contractor, it reasonably follows that he has no personal liability for any damages which may be due to the personal negligence of the contractor in the performance of the contract.

ID.—LIMITED EFFECTIVENESS OF UNRECORDED CONTRACT.—Though a contract not filed for record is void for the purpose of an action thereon, nevertheless it stands effective as showing "the understanding of the parties that such work, and only such work, as is called for by the terms of the contract shall be performed," and the authority of the contractor, the nature and extent of his employment, and the amount which he is entitled to recover upon performance, in *indebitatus assumpsit*, are all measured and determined by the provisions of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

E. B. Drake, and Jones & Drake, for Appellant.

G. P. Adams, for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained by reason of the negligence of defendant.   Judgment went for defendant, and plaintiff appeals therefrom upon a bill of exceptions.

It appears from the findings that one Moorehead entered into a written contract with defendant and two others jointly interested with her in the property, whereby, for the sum of $3,270, he agreed to furnish the labor and materials required in the construction of two certain buildings, and to complete and finish the same in accordance with plans and specifications agreed upon; that Moorehead in the performance of his contract was not under the control or direction of defendant, except as to results only; that in the performance of his contract Moorehead was an independent contractor; that during the progress of the work Moorehead, for the purpose of drying the same, caused some boards to be stacked up in a manner which left a space underneath the same, upon a lot adjoining that on which he was erecting the buildings; that while plaintiff's younger brother was engaged in playing thereunder, she went after him to take him home, and that while she was

under said stack of boards it fell and caused the injuries upon which the action is based; that the injuries were not due to the negligent stacking of the boards or the negligence of defendant.

Counsel for appellant concedes that she is not entitled to recover from defendant if Moorehead was an independent contractor. The findings of the court clearly establish such fact. Appellant contends, however, that such finding is not supported by the evidence, for the sole reason that the written contract made between Moorehead and defendant, under which he was engaged in the construction of the buildings, was not filed with the county recorder, as required by section 1183 of the Code of Civil Procedure, which provides that in case of failure so to file the same, such contract "shall be wholly void, and no recovery shall be had by either party thereto."

While the contract, by reason of failure to file the same, was void, so far as concerned the right of either party to maintain an action thereon, such fact did not establish the relation of master and servant between defendant and Moorehead. In such cases, persons furnishing labor and materials at the instance of the contractor would possess the right to recover against him personally, but the fact that the contract was void would impose no personal liability upon the owner for such labor and materials. The only remedy against the owner is the foreclosure of such liens upon the building as they may have acquired. (*McMenomy* v. *White,* 115 Cal. 339, [47 Pac. 109].) Since the relation existing between the owner and contractor under a void contract imposes no personal liability upon the owner for labor and materials, it must follow that such relation can impose no liability upon the owner for damages sustained by reason of the negligence of the contractor in the performance of such contract. Furthermore, while as between the parties thereto the failure to file the contract renders it void to the extent that neither party can maintain an action thereon for its breach, nevertheless, it stands as showing the "understanding of the parties that such work, and only such work, as is called for by the terms of the contract shall be performed." The authority of the contractor, the nature and extent of his employment, and the amount which he is entitled to recover upon performance in an action in *assumpsit,* are all measured and determined by the provi-

sions of the contract.   (*Sullivan* v. *California Realty Co.*, 142 Cal. 201, [75 Pac. 767] ; *Laidlaw* v. *Marye*, 133 Cal. 176, [65 Pac. 391].)   Under the terms of this contract, as fully performed, Moorehead was an independent contractor as to whom, in the-mode and manner of doing the work called for in the contract, defendant had no right to and exercised no control.

Our conclusion renders it unnecessary to discuss other points involved in the appeal.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.