WALTER M. HUMPHRIES *v.* BLACK BETSY CONSOLIDATED COAL COMPANY

(No. 7813)

Submitted October 31, 1934. Decided December 22, 1934.

*Dillon, Mahan & White,* for plaintiff in error.
*Hubard & Bacon,* for defendant in error.

WOODS, PRESIDENT:

This is an action of trespass on the case against Black Betsy Consolidated Coal Company, a corporation, and the county court of Fayette county, a corporation, jointly, for damages arising out of the destruction of plaintiff's real estate, improvements and personal property, located on the right-hand fork of Armstrong creek, in Fayette county, by reason of an alleged re-location of the channel of said creek above said property, and the alleged consequent diversion of the flood water of July 12, 1932. The jury found against the coal company, and for the county court. The coal company prosecutes error.

On the above mentioned date, plaintiff's premises were washed away by a flood. He alleged its destruction to be due to the fact that the normal creek channel, or bed, was

changed in 1927 and made to run nearer his property. This was caused by the construction of a road-bed in that immediate neighborhood. The defendant coal company claims to have constructed the road pursuant to an understanding with the county court that the same was to be built as economically as possible and that the county would later take over and maintain the road, and pay the company therefor.

The company urges chiefly that, in making the road, it was an independent contractor and the creek change was incident to the construction of the road; that the change did not leave a condition imminently and inherently dangerous to plaintiff's property, and when the road was taken over and maintained by the county court, the company's responsibility in relation thereto ended.

Plaintiff contends that the company was not an independent contractor, but if so, that the building of the road left a condition which constituted a private nuisance to plaintiff's property, thereby making the general rule, relieving an independent contractor when the employer takes over, inapplicable.

Under our decisions the test determinative of the relation of employer-independent contractor is whether the employer retains or has "the right of supervision." *Rogers* v. *Boyers,* 114 W. Va. 107, 170 S. E. 905, and citations therein. (The cited case refers to personal property.) From the evidence, it appears that the only direction given the company before beginning the work was that it be done as economically as possible. Nothing else was said. The location, materials, method, were left entirely to the company.

Plaintiff urges that the relation of employer-independent contractor could not exist because there was no legal, valid contract between the county court and the coal company, the agreement or understanding being merely verbal.

The test is whether the one who acted as the contractor could have enforced his demand for compensation for labor performed at the conclusion of the work against the county court. The court did not meet in its official

capacity when it entered into the agreement under which the contractor claims and acted. The contract was not entered upon the court's records, nor is there anything on the records regarding the same except the reference to the payment by the court to the defendant of certain desultory orders, no mention being made of the purpose for which drawn. The records aforesaid show absolutely nothing concerning the making, execution or completion of the contract claimed by the coal company. Under our decisions, such a claim could not be collected by operation of law. *Barbor* v. *County Court,* 85 W. Va. 359, 101 S. E. 721. The testimony also shows that the court had no funds at its disposal with which to build the road and that the defendant coal company was willing to do the work with the understanding that it would be reimbursed at a later—and indefinite—time, when funds were available, or have credit on its taxes from time to time until the money so spent was refunded. Such an understanding is void and of no effect. Code 1931, 11-8-13. The county court cannot make a contract to bind the levies of future years, for over them it has no control. *State* v. *County Court,* 98 W. Va. 706, 128 S. E. 925. The agreement or understanding on the part of the court, being in violation of law, conferred no authority on the coal company. Where the act performed is unlawful for the performee, the contractor doing the work is not entitled to avail itself of the plea that it was an independent contractor. Also, the alleged contract with the county court was for the construction of a public road, and did not include the changing of the channel of the creek. The dredging of a new channel and diverting of the water into it being outside of the alleged contract, was a collateral undertaking. *Atlanta R. R. Co.* v. *Kimberley,* 27 Am. St. Rep. 231; 41 R. C. L. 90, sec. 27; *Davy* v. *Levy & Sons,* 39 Annals (La.) 551, 4 Am. St. Rep. 225.

Would the coal company, if in fact an independent contractor, be absolved of all liability by reason of the diversion of the water by a taking over of the work by its alleged employer? "The diversion of the water is a private nuisance." *Roberts* v. *Martin,* 72 W. Va. 92, 77 S. E. 535.

It is said in 20 R. C. L. 401, that "a nuisance of a very common occurrence may be produced by the obstruction of, or interference with, water rights, such for example, as an unreasonable diversion of waters." And, further, in 14 R. C. L. 107: "The general rule is stated subject to some recognized limitations which continue the liability of the contractor even after he has parted with his control over the work; as for instance where the finished work is a nuisance, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to a third person." The plaintiff here had a right to have the water of Armstrong Creek flow down to his land and over the same in its natural, mode and course. The coal company owed the duty, therefore, to the plaintiff not to interfere or take away this right and not to create a dangerous condition which continuously threatened to damage or destroy the plaintiff's property. Hence, the defendant company cannot substitute for its own liability that of another. The foregoing proposition is settled law in this state. *Cline* v. *Norfolk Ry. Co.,* 69 W. Va. 436, 71 S. E. 705; *Neal* v. *Ohio River Ry. Co.,* 47 W. Va. 316, 34 S. E. 914. The work was performed by the coal company under the supervision of its own engineer. The plaintiff herein, upon ascertaining that the removal of the stream from its usual course was contemplated, remonstrated with the agents of the coal company, telling its engineer that he objected to a change in the stream and if it was done he would institute suit for any damage to which he might later thereby be entitled. According to the law, the defendant coal company is the author of the original wrong and in parting with the premises with the original wrong existing, it is treated as affirming the continuance of it. In other words, it is the wrongful act of changing the channel of said creek which fixes the liability. As this Court said in *Pickens* v. *Coal River Boom, etc., Co.,* 51 W. Va. 445, 41 S. E. 400, "The original erector of a nuisance or that which creates a nuisance cannot escape responsibility by conveying the premises away, much less by leasing them." Like ruling is found in divers cases in other jurisdictions. *Dorman*

v. *Ames,* 12 Minn. 451; *Plumer* v. *Harper,* 3 N. H. 88; *East Jersey Water Co.* v. *Bigelow,* 60 N. J. L. 201, 38 A. 631; *Lohmiller* v. *Indian Ford,* 51 Wis. 683, 8 N. W. 601.

The court in instructing the jury was very liberal with the defendants. Of the sixteen instructions asked on their behalf, nine were given. Those given propounded every recognized principle of the law which we believe to be applicable to their defense. The plaintiff offered one instruction relating to the question of nuisance, and two other instructions submitting to the jury whether the flood was an act of God. Every issue necessary to a correct decision in the case was submitted to the jury. We see no reversible error in the action of the court in this regard.

The fact that the court gave oral instructions to the jury during the admission of testimony, its ruling thereon is urged as error. From a careful examination of these matters we are unable to find error in its action in any particular. Such instructions are not erroneous because of the fact that they are not in writing. They are just incidents of the ordinary trial and perforce of this could not be put in writing.

A view was had of the premises. Courts have uniformly given the same great weight in upholding a jury verdict.

Other points urged by the plaintiff in error need not be considered, as the sole question of this writ turns on the liability of the independent contractor. The questions controlling the decision being jury questions, we must uphold the verdict.

*Affirmed.*

HATCHER, JUDGE, dissenting:

It seems to me that the legality of the contract between the defendant and the county court does not properly arise in this case. That was a question in which the defendant, the court and the taxpayers alone were interested. The plaintiff, as a taxpayer, could have raised the

question in a timely proceeding. But as a stranger to the agreement he is not entitled to do so at this late day, merely to advance a personal demand. The general rule is well established that "It is only the parties to a contract that have a right to question its validity." *Woodruff* v. *Board,* 10 Ind. App. 179, 37 N. E. 732. Accord: *Ellsworth* v. *Mitchell,* 31 Me. 247; *Newcomb* v. *Ingram,* (Wis.) 248 N.W. 171, 174; *Owens* v. *Davenport,* 39 Mont. 555, 104 P. 682; *Green* v. *Johnson,* 151 Ill. App. 63; *Ex parte Banks,* 185 Ala. 275, 279, 64 So. 74, 75. While admitting freely that a void contract such as the one here is no contract, the Supreme Court of Alabama says in the *Banks* case: "As contracts which are rendered void by the statute of frauds are not void as immoral or evil in themselves, but merely because offensive to the policy which the statute establishes, it has always been the rule of this court to allow no one to avail himself of the invalidity of such a contract, unless its invalidity * * * was pleaded by a party or a privy to such contract."

Moreover, the defendant did not merely "claim" an understanding with the county court as the majority opinion indicates. The defendant *proved* the understanding by members of the court itself. (The omission to enter the agreement on the court's records did not of itself nullify the agreement. *Barbor* v. *County Court,* cited in the majority opinion, does not so hold.) The changing of the creek channel was shown to have been not an act of indifference or carelessness on the part of the defendant, but a natural incident of the construction. The change was just as visible to the court as it was to the defendant or to the plaintiff. Yet after the change was made and the construction completed, the road was accepted and hard surfaced by the court, and has been used and enjoyed by the public ever since. While payment for the work was unenforceable, I cannot follow the majority view that "the act performed is unlawful." That no funds are available to pay for work authorized by public officials cannot make the worker a law breaker. Suppose the defendant had agreed to construct the road free of charge. No one would say that the defendant became a

trespasser simply because the construction was gratuitous. The following facts should not be ignored: the roadway was under the control of the court; the defendant worked on the roadway in good faith, under the authorization of the court; and the court accepted and appropriated to public use the results of that work. I cannot see that lack of funds to pay for the construction prevented the formation of a *de facto* relationship of employer and employee. A case illustrating my position is *Smith* v. *Dryden*, 15 Cal. App. Rep. 568, 115 P. 455, in which the court held in regard to a contract made void by a statutory provision, as follows: "Though a contract not filed for record is void for the purpose of an action thereon, nevertheless it stands effective as showing * * * *the authority of the contractor, the nature and extent of his employment*," etc.

An employee performing work in the manner of the defendant herein is an independent contractor. *Greaser* v. *Oil Co.*, 109 W. Va. 396, 155 S. E. 170; *Klipstein Co.* v. *Commissioner*, 113 W. Va. 567, 169 S. E. 169. The established rule applicable in cases such as this is as follows: "The general rule is that where an independent contractor is employed to construct or install any given work or instrumentality, has constructed or installed same, the same has been received and accepted by the employer, and the contractor has been discharged, he is no longer liable to third persons for injuries received as a result of defective construction or installation." *Wood* v. *Sloan*, (N. M.) 148 Pac. 507, 508. Accord: *Young* v. *Smith Co.*, 124 Ga. 475, 52 S. E. 765; Annotation 32 L. R. A. (N. S.) 969; 16 A. & E. Ency. Law, subj. Independent Contractors, p. 209; Moll, *idem*, sec. 228; Cooley on Torts (4th Ed.), sec. 498; 45 C. J., subj. Negligence, sec. 320. There are some well recognized exceptions to the rule, but none of them apply here.

Therefore I respectfully dissent.