· McCamus *vs.* The Citizens' Gas Light Company of
Brooklyn.

Where a party, having obtained permission from a municipal corporation to
lay gas pipes in a street, makes a contract with another person to do the
work, he is liable for the negligence of the servants of the latter, in conse-
quence of which an injury is sustained by an individual.

It is the duty of such party to restore the street to a condition of safety to
passengers over it; and he cannot avoid the consequences of a failure to
do so, by showing that he contracted with others to perform his duty
for him.

THIS action was brought to recover damages for the loss of
the plaintiff's horse, the injury to his cart, injury to him-
self personally, and the charges for medical attendance, &c.
occasioned by the neglect of the defendant to refill in a proper
manner a trench which he had ordered to be dug, in Harrison
street, in the city of Brooklyn. On the trial the defendant's
counsel moved to dismiss the complaint upon the ground that
upon the facts proved the defendant was not liable in the
action. The court denied the motion, and the counsel for
the defendant excepted. The justice then submitted the facts
to the jury, who rendered a verdict for the plaintiff in the
sum of $200. The defendant appealed, and moved for a new
trial, upon the exceptions. The facts appear in the opinion.

*J. W. Gilbert,* for the appellant.

*S. Sanxay,* for the respondent.

*By the Court,* Scrugham, J. Prima facie the person at
whose instance and for whose use and benefit work is done is
liable for all injuries to third parties resulting from the negli-
gence or unskillfulness of those executing the work, upon the
principle that " *qui facit per alium facit per se,*" from
which the rule of " *respondeat superior*" arises. But this
rule does not apply, and the liability does not exist, where
it can be shown that those engaged in executing the work

McCamus *v.* The Citizens' Gas Light Company.

and by whose carelessness or want of skill the injury was occasioned are not the servants or subordinates of him for whose use and benefit the work is being performed, but are acting under a contract or employment which leaves the contractor or employee free to exercise his own judgment as to the means and assistants to be employed in accomplishing the work, without being subject to control in these respects by the party for whom the work is being done.

To establish this it is always necessary to show the terms of the contract with sufficient particularity to enable the court to determine whether the employment was of this independent character.

In this case the defendant had obtained permission from the proper authorities of the city of Brooklyn to lay gas pipes in Harrison street; a trench had been dug, the pipes laid, the trench refilled, the street repaved and apparently restored to its previous safe condition; but in consequence of a failure properly to ram or pack the earth with which the trench was refilled it settled under the pavement, which gave way under the weight of the plaintiff and his horse, and the injury resulted which is the cause of this action.

When the plaintiff rested his case and the defendant first moved to dismiss the complaint, the evidence was that the work had been done by the defendant, and that one Bloodgood was, in the language of one of the witnesses, " controller for the company about this work." But the defendant afterwards proved that the pipes were laid by Messrs. Libby & Bloodgood, who had a contract with the company to lay them. No evidence was given of the terms of this contract, and without it it is no more proper to assume that it required the work to be done in a manner different from that of its actual performance, or that it gave the contractor such an independent employment as I have indicated, than that it stipulated for the work to be done under the immediate supervision and direction of the defendants, by means and workmen to be selected or approved by them; in which case the defendants

would be liable for the negligence of those who were actually engaged in the work. But in the case under consideration the defendants cannot escape responsibility by showing that the work was done under an independent contract or employment; for the plaintiff's right to recover arises out of their obligation to restore the street to a safe condition.

It does not appear whether the permission given by the common council of Brooklyn to the defendants to lay their pipes in the streets was accompanied with a condition to this effect; but their obligation to restore the street to a safe condition is nevertheless perfect, for by failing to do so, after having by their act rendered the use of the highway hazardous, they would be guilty of nuisance. (*Dygert* v. *Schenck*, 23 *Wend*, 446. *Harlow* v. *Humiston*, 6 *Cowen*, 189. *Lansing* v. *Smith*, 8 *id*. 152. *Congreve* v. *Smith*, 18 *New York Rep.* 79.) They would not be less guilty because of having received the permission of the common council to lay their pipes in the streets.

The work rendered it necessary that a part of the pavement of the city should be disturbed, and one of its streets partially obstructed, and as the pavements and streets of the city are under the control of the corporation, the defendants could not interfere with them without the consent of its officers. The only effect of the permission was to render it lawful for them to do so so far as the corporation was concerned; as to all others they undertook the work at their peril.

It was their duty to restore the street to a condition of safety to passengers over it; and they cannot avoid the consequences of a failure to do so by showing that they contracted with others to perform their duty for them.

Judgment should be entered on the verdict.

[KINGS GENERAL TERM, December 18, 1863, *Brown, Scrugham* and *Lott*, Justices.]