# CHARLESTON.

A. L. KIRKHART v. UNITED FUEL GAS COMPANY.

Submitted March 23, 1920. Decided March 30, 1920.

1. EVIDENCE—*On Question of Mere Existence of Written Contract it Need not be Offered in Evidence, but Where its Construction is Involved it Must be Put in Evidence Unless Lost.*

   Where for the purpose of an inquiry it becomes material to prove the existence of a contract which is in writing, the same need not be produced and offered in evidence if it is only necessary to prove that it exists, and its general tenor and effect; but if a consideration of its contents and a construction of its terms are necessary in order to a determination of the question involved, the writing must be introduced in evidence, unless it appears that it has been lost. (p. 82).

2. SAME—*Testimony of Custodian of a Writing Held not to Justify Parol Proof of its Contents.*

   Evidence by the custodian of a writing that it was in existence on the day before the evidence is being heard, and that he had phoned to his assistant in another city to send him

such writing, and such assistant advised him that he had forwarded the same by special delivery mail, and that the same had not arrived, does not satisfactorily account for the absence of the writing so as to justify proof of its contents by parol evidence. (p. 82).

·3. Master and Servant—*Employer Has Burden of Proving Relation of Independent Contractor.*

. Where the plaintiff in a suit to recover damages for a personal injury proves that the work in which he was engaged at the time of the injury was being conducted upon the premises of the defendant for its benefit, and that the services rendered by him were paid for by the defendant, he has made out a *prima facie* case showing the existence of the relation of master and servant between the defendant on the one hand and him and his coemployees on the other; and if the defendant would defeat liability for the injury upon the ground that such defendant and his coservants were employees of an independent contractor, the burden is upon him to show such fact. (p. 84).

4. Same—*Requisites of Proof that One is Contractor.*

The determination of the question of whether a person performing work or doing business for another is a contractor for whose negligence the employer is not liable, or a servant for whose acts the employer is responsible, depends upon a consideration of the contract of employment, the nature of the business, and the circumstances under which the parties contracted and the work was being done; and where such defense is interposed in a suit to recover damages for personal injuries received it cannot be sustained, unless the defendant proves the contract under which the work is being done and shows the circumstances and conditions in connection therewith, so that the court may determine therefrom the relation existing between such defendant and the party doing the work, as well as the injured plaintiff. (p. 84).

5. Same—*Facts Showing Relation of Independent Contractor Must be Proved.*

An employer who seeks to bring himself within the rule excusing him from liability for injury to an employe, upon the ground that the work is being done by an independent contractor, in a case which shows *prima facie* the relation of master and servant, must by proof establish the facts essential to the applicability of such rule. (p. 84).

Error to Circuit Court, Roane County.

Action by A. L. Kirkhart against the United Fuel Gas Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*R. G. Altizer, G. C. Douthitt* and *Pendleton, Matthews & Bell,* for plaintiff in error.

*Thos P. Ryan,* and *Hogg & Hogg,* for defendant in error.

RITZ, JUDGE:

At the time of the injury to plaintiff, to recover damages for which this suit is brought, he was engaged with others in unloading from a wagon pipe which was intended to be used in the construction of a pipe line for the defendant, extending from Clendennin, Kanawha county, to Cedarville, in Gilmer County. The injury to the plaintiff was caused by a section of the pipe being thrown from the wagon and striking him in the back, from which he claims to have sustained serious permanent injury. The accident resulted from the negligence or carelessness of his fellow servants in throwing the pipe from the wagon upon the plaintiff, but inasmuch as the defendant has not complied with the provisions of the Workmen's Compensation Law it cannot excuse itself from liability because the injury was caused by plaintiff's fellow servants, if it is otherwise liable. The plaintiff showed in support of his case that he was employed by the foreman in charge of the work of hauling and unloading the pipe; that he had only been at work about a week at the time of the injury, and at that time had not yet received any pay for his services; that after the injury he continued in the same service for awhile, and was then placed in another employment of cutting roads, and still another employment as sub-foreman on a ditch that was being dug in order to receive the pipe, and that for all of his services he was paid by the checks of the defendant. The defendant admits that it is the owner of the pipe line, and that the same was being constructed for it; that it furnished the pipe; and that it excavated the ditch and laid the pipe in it; but it contends that it is not liable to the plaintiff because it had made a contract with another to haul the pipe and distribute it along the right-of-way of the pipe line; and that the plaintiff was the employe of this contractor at the time of his injury. This is the sole defense made in this case.

The defendant attempted to substantiate its defense by showing that it had a contract with one F. H. Mays for hauling the pipe and distributing it along the pipe line right-of-way, and proved by two of its superintendents that in the doing of this work they had no charge or control over Mays. As to what control other officers or agents of the defendant had over him does not appear. The contract itself, it appears, was in writing, and an officer of the company testified that it was in his custody at the office of the company; that he had telephoned to his subordinate, and that he was advised that the same had been forwarded to him by special delivery mail, but it had not been received at the time he was testifying. Upon this showing defendant offered to prove the contents of the contract in order that the court might determine whether Mays was an independent contractor, or simply an agent or employe of the defendant. The circuit court declined to allow this evidence of the contents of the contract to be admitted, and this is one of the assignments of error relied upon. The defendant insists that parol evidence of the contents of this contract should have been admitted upon the ground that it was only collaterally involved, in which event it was not necessary to produce the writing in order to prove its contents; and, second, that its absence was satisfactorily accounted for, and proof of its contents should have been admitted upon the ground that it was a lost instrument. It is quite true that where the contents of a written instrument are not sought to be proved, but simply the independent fact that the instrument is in existence and relates to a particular subject matter, it is not necessary to produce the instrument for that purpose, but it is equally as well established that where the contents of the instrument are required, as where the court must determine what the instrument itself means in order to a settlement of the matters involved in the controversy, the instrument itself must be introduced. II Jones on Evidence, § 203. So that we may say in this case, if the defense is made out by simply proving that a contract existed for the hauling and distribution of this pipe, then there was no necessity of producing the written contract. Its existence and the fact that it related to that subject matter could be proved by parol. But is this sufficient to make out the defense? The fact that the defendant

contracted for the hauling and distribution of this pipe to Mays does not of itself prove that Mays was an independent contractor. His relationship to the defendant depended upon the construction of his contract with the defendant. As to whether one engaged in doing work is a servant or an independent contractor depends upon many things, the most important, perhaps, being the control which the respective parties have over the work being done. If the owner has the right to control the doing of the work, that is, to determine when and in what manner it shall be done, then the one performing it is not an independent contractor, but a servant. The relation of the parties is also inferable from other circumstances, such as the method of payment for the work, the furnishing of the tools and equipment for the doing of the work, the right to supervise and direct the method in which the work shall be done, and the extent to which it shall proceed, or when it shall cease. 14 R. C. L., title "Independent Contractors" §§ 2 etc.; *Kniceley* v. *Ry. Co.,* 64 W. Va. 278; *Richmond* v. *Sitterding,* 101 Va. 354, 65 L. R. A. 445, and authorities cited in the monographic note. It will thus be seen that in order to determine the relation existing between the parties it is necessary for the court to have before it the contract. It cannot determine simply from the fact that the work was being done under a contract different from that by which men are ordinarily employed that the contractor is independent, or is not independent, and it is the duty of the court when this question arises to determine from a consideration of the provisions of the contract what this relationship is. Ordinarily this is a matter for the determination of the court and not a question for the jury. Of course where the contract is oral and there is a controversy as to its terms, it would become a question for the jury to determine what the contract was, and for the court to give it effect, but where the contract is in writing, and there is no dispute as to its terms, it is for the court to determine the effect of it. 14 R. C. L., title "Independent Contractors" § 16; *Richmond* v. *Sitterding,* 65 L. R. A. and note at page 508; *Linehan* v. *Rollins,* 137 Mass. 123; *Pioneer Fireproof Construction Co.* v. *Hansen,* 176 Ill. 100; *Foster* v. *City of Chicago,* 197 Ill. 264. It will thus be seen that the defense of independent contractor in this case cannot be made out simply by proving that the defend-

ant had a contract with Mays for the hauling and distribution of this pipe. As to whether or not this defense exists depends upon the proper construction of the contract itself, and for this purpose the whole contents of the instrument are required, and, as laid down by the authority above cited, where this is the case, secondary evidence cannot be introduced as to the contents of the writing, unless it be shown that the writing is lost, or is beyond the control of the party seeking to introduce the evidence. The defendant insists, however, that it was entitled to introduce this evidence upon the ground that the paper was lost. This contention is not well taken. It appears that the officer of the company in whose custody the contract was, was present at the trial, and he testified that he had left it in his office, and had telephoned to his assistant to send it to him, and the assistant advised him that he had sent the same to him by special delivery mail, and that it had not arrived at the time he was testifying. It appears that it was mailed only the afternoon before the testimony was being given. There is no presumption from this testimon that the instrument had been lost. In fact, it is not made to appear that it could have reached the place of trial in the ordinary course of mail at the time the witness was giving his testimony, nor is it shown by anything but hearsay evidence that it had ever in fact been mailed.

Another question presented for decision is, does it devolve upon the plaintiff or upon the defendant to show the relationship existing between the defendant and the party who was hauling and unloading the pipe? If the defendant's defense is made out by simply showing that there was such a contract, then that has been done. If on the other hand, after the plaintiff has shown such a state of facts as prove *prima facie* that he, as well as his fellow servants were employes of the defendant, it then devolves upon the defendant to prove this defense of independent contractor, it has failed in this regard. There is no doubt that the plaintiff proved sufficient facts to show *prima facie* that he and his coemployes were servants of the defendant. He showed that they were working upon a pipe line being constructed by the defendant for its use, and that for all the work that he did thereon he was paid by the defendant. This was entirely sufficient to justify the conclusion that he was a servant of the defendant, in the

absence of any proof showing a different relation. The defendant does not deny these facts, but on the contrary admits them. It attempts to show, however, a different relation existing between it and the plaintiff and his coemployes, by proving that the party who employed them, and under whom they were working, was not its employe, but was an independent contractor. When it seeks to make this defense it must make it completely. Proving that the work was being done under a contract does not constitute the defense of independent contractor. In order to exculpate itself from liability it must show what its contract was in order that the court may determine what the real relations were, whether of master and servant, or contractor and contractee. The burden is upon the defendant setting up this defense to prove all of the facts necessary to constitute it. See note to *Richmond* v. *Sitterding,* 65 L. R. A. at page 459; 14 R. C. L., title "Independent Contractors" § 15; *Messmer* v. *Bell & Coggeshall Co.,* 19 Am. & Eng. Ann. Cases, p. 1, and note at p. 6; *McCamus* v. *Gas Light Co.,* 40 Barb. 380; *Redstrake* v. *Swayze* 52 N. J. L. 129. The proof introduced by the defendant was not sufficient to overcome the *prima facie* case made by the plaintiff. In fact the relations existing between the defendant and Mays, who it asserts was an independent contractor, are not shown at all. The terms of the contract are not proved, and it is impossible for the court to determine that any different relation existed than that shown by the evidence introduced upon the part of the plaintiff. This being true, the defense interposed entirely failed, and there was really no question to be submitted to the jury except the extent of the plaintiff's injury and the amount of compensation to which he was entitled therefor. This conclusion renders unnecessary the consideration of the instructions given and refused. It is not claimed that the amount found by the jury is at all excessive, nor does it appear from the evidence to be so.

Our conclusion is, therefore, to affirm the judgment complained of.

*Affirmed.*