HENRY BUESCHER, Appellee, v. KATHERINE SCHMIDT, Appellant.

No. 40001.

DECEMBER 13, 1929.

*Hirsch & Riepe* and *Raymond H. Wright,* for appellant.

*John A. Dailey,* for appellee.

MORLING, J.—Defendant's contentions are that plaintiff's claim consists of two items, one of which, "foundation work," was furnished pursuant to employment by Beck; that Beck was an independent contractor; that a second item, consisting of cellar floor, was furnished pursuant to employment by defendant personally; that agency of Beck is not proved; that the court, notwithstanding, submitted the question to the jury whether plaintiff was employed by defendant through an agent, and in so submitting the question of agency, erred; that the court further erred in submitting the question of agency to the jury with respect to the cellar floor, not distinguishing between the two items, because the work in connection with the floor was, on the evidence, done under direct employment by defendant.

Defendant was building a house. Luettger seems to have been first employed by defendant in respect to the building, but the arrangement between him and defendant is not shown. Luettger testifies, however, that he was a carpenter, working for Beck.

"I couldn't work for him and take care of that job, too, so I told her she had better turn it over to him. * * * He was supposed to take care of it all in his own hands. * * * Just after the foundation had been dug, Mrs. Braunhausen [defendant] was wondering what they were going to put in, and she was wondering when they were going to put it in, and when the man was coming. Beck told her he was going to get Buescher [plaintiff]. At a later date, Mrs. Braunhausen asked me if Mr. Buescher was

all right. I told her I didn't know nothing wrong about him. She said if the man was all right, she wanted to go ahead with it. * * * A few days after that, Mr. Buescher put in the foundation. * * *''

Plaintiff testifies:

''When I was up there at the time I pulled the mixer up there in the evening, [defendant] asked if I was going to put in the foundation, and I told her 'Yes.' She says, 'How?' I told her it was going to be day work, as Beck said everything was day work. She asked me who was going to furnish the material, and I told her I was going to haul it and furnish it, and she said, 'All right.' * * * After I got through with that, she asked me about the cellar floor. She asked me what I would take per foot to pour the cellar floor, and I told her 15 cents per foot. Then she said: 'All right, when we get through to put this floor in, we will take the same thing and go through it in the cellar.' She asked me what it would be worth to lay out the blocks on the front porch, and I told her we haven't got no set price. We generally did that at day work, and then the cost is figured; and she said that would be fair enough, and she asked what I wanted per foot for the walk, and I told her * * *. On August 22, 1923, I furnished this foundation work for her. I pulled up the mixer, and it was towards evening of the day, before we started. She said, 'Are you going to pour the foundation?' I said, 'Yes,' and she said Beck said I was going to pour. She said, 'Where is the material?' and I said, 'There will be some here this evening.' * * * The total price for gravel was $42, and for labor $10 for the machine work, and Mr. Beck furnished his other help in pouring it in. * * * There was two cubic yards in those porch piers. At that time, Mrs. Braunhausen knew we were going to do that. She said we could just as well do it all. * * * When I got through with the foundation, Mrs. Braunhausen asked me what I would take to put in the cellar floor per foot, and I gave a price of 15 cents per foot, and then she spoke about the walks. Mrs Braunhausen said she would pay me for my work.''

Plaintiff testifies that Beck employed him to put in the foundation; that he had ''no agreement with her [defendant]

personally on the foundation.'' The testimony is prolix, and nothing is to be gained by setting it out more at length.

We may concede, for the purpose of the appeal, that the evidence would support a finding that Beck was an independent contractor for the construction of the house; that he failed to complete his contract, and defendant took over the work after the plaintiff had performed his work here sued for. It also warrants the conclusion that the work done by plaintiff was done, in the first instance, pursuant to employment by Beck, as superintendent or agent for defendant. Plaintiff was, to defendant's knowledge, about to do work on her property. Defendant inquired about plaintiff and about the work to be done by him, and approved plaintiff's employment. Plaintiff proceeded to do the work with her knowledge and approval. She accepted the services sued for. The fact that she had a contract with Beck is insufficient of itself to make out that he was an independent contractor. The evidence on behalf of both parties is as consistent with a finding that Beck was acting as general superintendent as it is with the theory that he was an independent contractor. The arrangement, whatever it was, was oral. The court submitted to the jury the question whether he was an independent contractor, and properly submitted the question of agency. Defendant personally employed plaintiff for the cellar floor and other work, apparently as a continuation of the work that plaintiff had done under his original employment by Beck. Plaintiff made out a prima-facie case of employment by defendant. If the relationship of Beck to the construction of the house and to defendant was that of independent contractor, the burden was upon her to take up the case and prove that fact. *Slayton v. West End St. R. Co.*, 174 Mass. 55 (54 N. E. 351) ; *Kirkhart v. United Fuel Gas Co.*, 86 W. Va. 79 (102 S. E. 806). Defendant asked an instruction withdrawing *in toto* from the consideration of the jury the question of agency. Defendant asked no instruction distinguishing the two employments or two items of claim. These were not pleaded as, nor was it contended in the court below, nor was the case tried on the theory that they constituted, two causes of action. We discover no prejudice in the action of the court

in submitting the question of agency without such distinction.—
*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ.,
concur.