# CHARLESTON.

GEORGE SMITH, ADM'R. ETC. v. DONALD COAL COMPANY.

Submitted October 31, 1922.    Decided November 14, 1922.

1    MASTER AND SERVANT—*Whether Party is an Employee or Independent Contractor Determined by Contract.*

    Whether an engineering company employed by a coal mining company to do certain surveying in the coal company's mine was an employee or an independent contractor depends upon the nature and terms of the contract. (p. 259).

2.    SAME—*Declaration Held Not Sufficient as Matter of Law to Show Engineering Company Surveying Mine was Independent Contractor.*

In an action for personal injuries received by one employed in a mine of defendant, a coal company, under employment of an engineering company engaged to do surveying therein, averments in the declaration that the defendant employed the engineering company to do the surveying in defendant's mine; that it was employed for no other purpose; that the engineering company was an independent contractor; that the injured employe was its servant, workman and assistant, and as such was directed to go into the mine; and that he did go into the mine to perform such surveying at the direction of the engineering company and on the invitation of defendant coal company: Held, not sufficient as a matter of law, to show that the engineering company was in fact an independent contractor, and not an employee of the defendant coal company. (p. 262).

3.    SAME—*One ' Employed by Engineering Company Surveying Mine Held Employee of Coal Company Within Workmen's Compensation Act.*

An engineering company was employed by a coal company to do surveying or measuring of its mine. In the absence of any showing that the engineering company had control of the manner, method, times and places of doing the work, there is presumption that it is an employee of the coal company, and not an independent contractor; and one employed by the engineering company to assist it or to do such surveying is within that class of employees of the coal company that are protected by the Workmen's Compensation Act. (p. 262).

Error to Circuit Court, Logan County.

Action by George Smith, administrator of the estate of Luco C. Avis, deceased, against the Donald Coal Company. Judgment of dismissal, and plaintiff brings error.

*Affirmed.*

*Minter & McNemar,* for plaintiff in error.
*Lilly & Shrewsbury,* for defendant in error.

MEREDITH, JUDGE:

George Smith, administrator of the estate of Luco C. Avis, deceased, seeks in this action to recover damages for the death

of his intestate, the result of injuries suffered in an explosion of gas in defendant's coal mine.

Plaintiff filed three declarations in the case, an original declaration, and first and second amended declarations. A demurrer to the original declaration was sustained; the first amended declaration was withdrawn upon motion of the plaintiff and the second amended declaration was attempted to be substituted therefor. Upon objection of defendant, however, the court refused to permit the filing of the second amended declaration without certain amendments which the plaintiff refused to incorporate in it, and the case was, dismissed. This action of the court is assigned as error.

The pleadings disclose that Luco C. Avis, a young man twenty years of age, was in the employ of the W. C. McCall Engineering Company, which company was, pursuant to a contract, employed by the defendant to survey and prepare maps descriptive of its coal mine, in compliance with the statutory requirements. On or about September 11, 1920, while engaged in surveying the interior of the mine, Avis was burned to death in a gas explosion. The negligence alleged was the failure of the defendant to provide proper ventilation; to employ a competent "Mine Boss" as required by the mining laws of the state; and to warn decedent of the dangers to be encountered.

The original declaration alleged that decedent, an employee of the Engineering Company, became by virtue of that company's employment by the defendant, the "hired servant" of the latter, and "was then and there employed by the defendant company as its workman and servant in the work of surveying and mapping the mine for defendant, and for his services, the said Luco C. Avis was paid certain wages by the W. C. McCall Engineering Company." Further averments alleged the youth and inexperience of the decedent, and the negligence of the defendant as mentioned above. A demurrer interposed to this declaration was sustained, for the reason, according to counsel for defendant, that there was no allegation that defendant had failed to comply with the provisions of the Workmen's Compensation Act.

The first amended declaration was similar to the original declaration, with the additional allegation that defendant had failed, neglected and refused to provide notice to decedent that it had elected to pay into the Workmen's Compensation Fund the premiums specified in the Act. Defendant pleaded not guilty and filed a special plea, alleging that prior to decedent's injury it had elected to pay into the Workmen's Compensation Fund; that it had regularly paid the premiums charged to it; had posted and kept posted in conspicuous places the notices of its election to pay into the Fund; and in short, that it had complied with the Act in all of its requirements, and that decedent at the time of his death was an employee of the defendant. Plaintiff could not safely go to trial on this plea, and virtually admits the facts stated in it.

At the following term, by leave of court, plaintiff withdrew his original and amended declarations, and asked leave to file in their stead the second amended declaration, the refusal of the court to file it being the error assigned. In addition to more definite allegations of negligence which included specific charges of defendant's duties as to mine ventilation under section 15, chapter 15-H, Code, the new declaration alleged that "the defendant pursuant to a contract employed the W. C. McCall Engineering Company to do certain engineering work measuring up the mines of defendant, and that said W. C. McCall Engineering Company was an independent contractor in doing said work for the defendant, the Donald Coal Company, and employed for no other purpose, and that the said plaintiff's intestate was an agent, servant, workman and assistant of said McCall Engineering Company and as such agent, servant, workman and assistant of said McCall Engineering Company he was directed by the said W. C. McCall Engineering Company and by virtue of said employment of said W. C. McCall Engineering Company, was invited by the defendant, the Donald Coal Company, to go into the said mine of the defendant and assist in the surveying of said mine, that he went into the said mine on the said .... day of September, 1920, at the instance and invitation of the defendant," etc. The duties

owed to decedent were alleged to be duties owed to him "by virtue of his being in said mine at the request and invitation of the defendant," which duties were violated in the manner hereinbefore referred to, the said violation resulting in plaintiff's injury and death. There was no averment touching upon the Workmen's Compensation Act.

The trial court stated in its order that this second amended declaration, like the original declaration, showed that defendant was one of the class of persons engaged in business covered by the Workmen's Compensation Act, and that in the absence of allegations setting out a failure on the part of the defendant to comply with the provisions thereof, no cause of action is stated. The plaintiff declined to amend his second amended declaration or to go to trial on the first amended declaration, and the case accordingly dismissed.

The controversy in its essence presents one issue only. Under the declaration relied on, was the relation existing between decedent and defendant such that the latter was protected by electing to comply with the provisions of the Workmen's Compensation Act? In other words, under the circumstances presented, was the relation such that plaintiff, as decedent's administrator, may look to defendant, or must decedent's dependents look to the Compensation Fund for satisfaction?

The Workmen's Compensation Act, chapter 15-P of the Code, applies to a particular relation, the relation of employer and employee. Section 9 defines these persons:

> "All persons, firms, associations and corporations regularly employing other persons for profit, or for the purpose of carrying on any form of industry or business in this state, (casual employment excepted), are employers within the meaning of this act, and subject to its provisions. All persons in the service of employers as herein defined, and employed by them for the purpose of carrying on the industry or business in which they are engaged, (casual employment excepted), are employees within the meaning of this act, and subject to the provisions hereof; provided, that this act shall not apply to employers of employees in

92 W. Va.

domestic or agricultural service, persons prohibited by
law from being employed, traveling salesmen, to em-
ployees of any employer who are employed wholly
without this state; nor shall a member of a firm of em-
ployers, or any officer of an association, or of a cor-
poration employer, including managers, superintend-
ents, assistant managers, or assistant superintendents,
be deemed an employee within the meaning of this
act.''

Plaintiff claims to describe in his declaration a relation
not covered by the section just quoted. By direct averments
he alleges that the Engineering Company was an independ-
ent contractor, employed by defendant pursuant to a contract
to do certain surveying, and that decedent as a servant of
such independent contractor was an invitee upon defendant's
premises, a relation, which according to further allegations
of the declaration imposed certain duties upon defendant
relative to decedent's safety. While indicating plaintiff's
theory of the case, the query arises whether these averments
are not lacking in a vital particular. It is the function of a
declaration to set forth facts, not law, arguments or conclu-
sions. ''The allegation of a duty is superfluous where the
facts show a legal liability, and it is useless where they do
not.'' *Thomas* v. *Electric Co.*, 54 W. Va. 395, 398, citing 1
Chitty, Pleading, 296. A demurrer admits all facts well
pleaded, but not conclusions of law based thereon, which one
has introduced into his pleading. *Trumbo* v. *Fulk*, 103 Va.
73, 48, S. E. 525. There are but few tangible facts and cir-
cumstances shown in the present declaration, whereas a re-
view of the authorities indicates that the determination of
the relation of employer and employee or master and servant,
as distinguished from the relation of independent contractor
and contractee, involves distinctions of fact of the nicest char-
acter. Laying aside, as we must, the arguments and conclu-
sions of law stated in the declaration, but three facts relevant
to the relation existing between decedent and defendant ap-
pear, proof of which would be proper. (1). Decedent was
employed to do surveying work by the McCall Engineering

Company.   (2).   TheMcCall Engineering Company through some kind of an arrangement undertook certain surveying work for defendant in defendant's coal mine.   (3).   Decedent while so engaged was fatally injured in an explosion of gases.

It remains to determine whether under the principles of law governing master and servant established and approved by this court, such a state of facts supports plaintiff's position that decedent was not the servant of, but the invitee of defendant on the latter's premises.

The authorities cited by counsel both for plaintiff and defendant indicate that they are not far apart in their views as to the legal distinction between the relation of master and servant and that of independent contractor and contractee. The decisive principles in determining this relation, as expressed by them, turn upon the character of the *control* reserved to the employer; though in the analysis of this right of control there are, in any given case, varying circumstances to be examined and weighed.   The character of this control and the circumstances to be regarded were considered by this court in the case of *Kirkhart* v. *United Fuel Gas Co.,* 86 W. Va. 79, 102 S. E. 806. ''As to whether one doing work is a servant or an independent contractor depends upon many things, the most important, perhaps, being the control which the respective parties have over the work being done.   If the owner has the right to control the doing of the work, that is, to determine when and in what manner it shall be done, then the one performing it is not an independent contractor, but a servant.   The relation of the parties is also inferable from other circumstances, such as the method of payment for the work, the furnishing of the tools and equipment for the doing of the work, the right to supervise and direct the methods in which the work shall be done, and the extent to which it shall proceed, or when it shall cease.   14 R. C. L., title 'Independent Contractors', pp. 2 etc.; *Knicely* v. *Ry. Co.,* 64 W. Va. 278; *Richmond* v. *Sitterding,* 101 Va. 354, 65 L. R. A. 445, and authorities cited in the monographic note. It will thus be seen that in order to determine the relation

existing between the parties it is necessary for the court to have before it the contract. It can not determine simply from the fact that the work was being done under a contract different from that by which men are ordinarily employed that the contractor is independent, or is not independent, and it is the duty of the court when this question arises to determine from a consideration of the provisions of the contract what this relationship is.'' In the case from which the foregoing extract is taken, plaintiff was engaged in unloading pipe from a wagon to be used in defendant's line. Defendant, who had not elected to subscribe to the Workmen's Compensation Fund, defended on the ground that the hauling was being done by an independent contractor, and in addition to the statements quoted, it was held in point 3 of the syllabus:

> ''Where the plaintiff in a suit to recover damages for a personal injury proves that the work in which he was engaged at the time of the injury was being conducted upon the premises of the defendant for its benefit, and that the services rendered by him were paid for by the defendant, he has made out a *prima facie* case showing the existence of the relation of master and servant between the defendant on the one hand and him and his coemployees on the other; and if the defendant would defeat liability for the injury upon the ground that such defendant and his coservants were employees of an independent contractor, the burden is upon him to show such fact.''

That case, it seems to us, more nearly covers the present situation than any of the authorities cited by counsel. Certain cases relied upon by them with apparent confidence present conditions not controlling here. The Knicely case, urged by defendant's counsel in oral argument to be on ''all fours'' with the present case on certain points, and cited by Judge RITZ, in the Kirkhart opinion, while appropriately cited by defendant as to abstract principles, is not authoritative on its face. There defendant operated a narrow gauge railroad and lumber yard. It employed one Cowgill to transfer lumber from its cars to the cars of the Baltimore and

Ohio Railroad Company, paying him a certain price per thousand feet for so doing. Plaintiff was hired by Cowgill to assist him in the work, and, while so engaged, was injured. The court held that plaintiff was the servant of defendant, as "He unloaded such cars and in such manner as the defendant company directed, and placed it where he was ordered to put it." In other words, the manner of hiring and paying was not decisive. Other cases cited in like manner do not govern.

In 19 A. L. R. at pages 226 to 280, and pages 1168 to 1361, appear exhaustive discussions of the nature of the relationship of employee and employer, and independent contractor and employer. There, may be found many definitions, judicially approved, of these relations, and many specific instances of the application of the principles. The definition announced by Mechem (Agency) Sec. 747, and approved in *Bibb* v. *N. & W. Ry. Co.*, 87 Va. 711, 14 S. E. 163, is typical: "The employment is regarded as independent, when the person renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." This brief statement of the rule is in accord with the language of Judge RITZ in the Kirkhart case, and the former expressions of this court in *Carrico* v. *West Virginia C. & P. R. C.*, 39 W. Va. 86, 19 S. E. 571, 24 L. R. A. 50, and other cases.

Our discussion of these principles has been with but one object in view, that is, to show that under the inadequate allegations of facts in the declaration, it would be impossible for this court to conclude that the circumstances show that decedent was in the service of an independent contractor. The presumption, as indicated in the Kirkhart case, is to the contrary. There are many important details as to which we have no information whatever. We are not informed of the nature of the contract between defendant and the Engineering Company, whether the surveying was to be done by the day, week, month or year; whether it was a single job, or anything about its details; whether the Engineering Company determined the time and manner of doing the work. All these

details may have been under the control of defendant. While we may assume, that since the decedent was employed by the Engineering Company, it paid him his wages; and that it also had the right to discharge him, this is not decisive. If the Engineering Company had a contract to do this work and had full control of it, could hire, discharge, and direct its employees, and could control the work in detail, say when and how the work was to be done, and the defendant was only concerned in the final result of the work, then the Engineering Company would be an independent contractor. But there is nothing alleged save a contract of general employment of the Engineering Company. If it had been an individual and not a corporation, we think there could be no doubt but that the relation of master and servant, as between the defendant and the Engineering Company would be stated under the averments of the declaration. That the Engineering Company is a corporation does not change the relation. The averment that it is an independent contractor is a mere conclusion of law, not admitted as true by the demurrer.

Our conclusion therefore is that the declaration does not set up a state of facts from which we can draw the legal conclusion that the Engineering Company was an independent contractor; on the contrary, it was a servant of the defendant; the decedent, if an assistant, agent, or servant of the Engineering Company, as alleged in the declaration, was a servant, though a sort of voluntary servant, (as in the case of *Knicely* v. *Railway Company, supra*), of the defendant Coal Company.

We see no reason why decedent may not, if employed as stated in the declaration, come within that class of employees of defendant that are protected by the Workmen's Compensation Act, though as the Compensation Commissioner is not a party to this action, our decision now can not bind him, but we are incidentally called upon to decide the question in this proceeding.

We are therefore of opinion that the circuit court was correct in ruling that there is not sufficient cause of action

stated in plaintiff's second amended declaration, and its order refusing to file it and dismissing the action is affirmed.

*Affirmed.*