# CHARLESTON.

JOHN F. GREASER *v.* APPALINE OIL COMPANY

(No. 6790)

Submitted September 16, 1930.   Decided September 23, 1930.

*F. E. Parrack* and *J. V. Gibson,* for defendant in error.
*Steptoe & Johnson, Jas. M. Guiher, Norman S. Elliott* and *P. J. Crogan,* for plaintiff in error.

HATCHER, JUDGE:

This is an action for personal injuries received by plaintiff at Kingwood, while loading a gasoline tank truck from one of

defendant's storage tanks. The action was prosecuted and a judgment recovered in the lower court by plaintiff, on the theory that the relation of master and servant existed between the defendant and himself at the time of his injury. The defendant took the position that the plaintiff was an independent contractor, and was guilty of contributory negligence. This defense was nullified in an instruction tendered by the plaintiff and given by the court. Hence, the first inquiry is, what was the relationship of the parties?

The defendant had gasoline storage tanks both at Morgantown and Kingwood, from which the plaintiff delivered gasoline to such customers of defendant as it should indicate on slips handed him. He was required to secure receipts on the slips for each delivery and to collect cash in all cases except where the defendant extended credit. The slips were returned to defendant. The collections were deposited by plaintiff in his own name in a bank in Kingwood (designated by the defendant) and settlements with defendant were made from time to time. He also received orders which he transmitted to defendant. He owned and operated at his own expense three trucks in this work for which defendant furnished the tanks. He ordinarily drove one of the trucks himself. The other drivers were selected, controlled and paid by him. Sometimes defendant's local superintendent at Kingwood assisted in loading the trucks; but he exercised no personal control over the plaintiff and his drivers, and had nothing to do with how or when the deliveries were made. The duration of plaintiff's employment was indefinite. For his services he was paid a flat rate of three cents a gallon for deliveries made from Morgantown and two and one-fourth cents a gallon for those from Kingwood.

As establishing the relationship of master and servant, counsel for plaintiff point to the facts that: (a) the employment was of no definite duration and for no definite amount of work; (b) the defendant furnished part of the equipment (the tanks for plaintiff's trucks); (c) had its superintendent assist (when present) in loading the trucks, (d) directed specifically what deliveries should be made; and (e) "its cooperation was

essential to carrying on the work." All of these facts are *indicia* of the relation of master and servant, and various courts have given them greater or less significance. No court, however, has considered them determinative of that relation. See 16 A. & E. Ency. Law, p. 190, sec. 6; 14 R. C. L., subject Independent Contractor, secs. 4 to 11, inc.; Thompson Comm. on Neg., sec. 629; Mechem, The Law of Agency (2nd Ed.), sec. 1871; Shearman & Redfield on Negligence (6th Ed.) sec. 167; *Rawson* v. *Coal Co.*, 100 W. Va. 263, 269.

The decisive test in such cases is the right of supervision. If the employer has such right, he "is a master and the person employed is his servant." Labatt, Master and Servant, (2nd Ed.), sec. 2. If the employer has not this right, the employee is an independent contractor. *Smith* v. *State Workman's Ins. Fund*, 262 Pa. 286. This is the common law test. 28 R. C. L. 762. It has been declared to be "too well settled to admit of debate." *Wood* v. *Cobb*, 13 Allen, (Mass.) 58, 59. It is termed "The test" in *Scales* v. *Bank*, 88 Ore. 490, 497, and "The master test" in *Kelley's Dependents* v. *Hoosac L. Co.*, 95 Vt. 50, 53, and "the vital test", by LIVELY, JUDGE, in *Waldron* v. *Coal Co.*, 89 W. Va. 426, 436. While expressed in varying terms, this test is sanctioned by all the authorities examined in our library from the oldest text writers on the subject to the latest, and by the courts of England as well as of the States. Hilliard on Torts (1866) 437; Wood, Master and Servant (1877) 620; Jaggard on Torts (1895) 229; 2 Cooley on Torts (3rd Ed.) 1098; Labatt, *supra*, sec. 64; Mechem, *supra*, sec. 1870; Thompson, *supra*, sec. 622; Shearman & Redfield, *supra*, sec. 164; 14 R. C. L., *supra*, sec. 3; 31 C. J., 473-4; Pollock on Torts (13th Ed.) 82-3; Halsbury, The Laws of England, Vol. 27, 485-6; annotations 42 A. L. R. 609, and 43 A. L. R. 1313.

In *Anderson* v. *Coal Co.*, 59 W. Va. 301, and *Rawson* v. *Coal Co., supra,* the relation of contractor and contractee was held to have existed. Each of those cases seems comparable in all material respects with this one. But instead of attempting to harmonize this case with or differentiate it from others, let us submit it directly to the conclusive test above referred to.

The evidence discloses no right in defendant to supervise the deliveries. It could exact no specific number, make or care of the trucks. Plaintiff not only selected his own drivers, fixed and paid their wages, but subjected them exclusively to his own orders. The defendant could not require their employment or discharge, or prescribe the manner in which they executed the plan of delivery as outlined in the contract. It could not direct the routes they took, the speed they made, or the hours they worked. Its superintendent at Kingwood stated without contradiction that after loading the truck tanks, it was his custom to ask the drivers where they were going and that *usually they did not tell him.* It does not appear that he protested against their reticence. Thus was the executory independence of plaintiff displayed; and thus was it conceded. Suppose a driver had negligently injured a third party while making these deliveries. Could the one injured have maintained a suit against the defendant under the doctrine of *respondeat superior?* Most assuredly not. Right of control is the inherent prerogative of the master. One who has no right to select or supervise a workman is in no sense his master, or responsible for his misconduct. 39 C. J., sec. 1451 to 1454, inclusive. What has been said of the drivers employed by the plaintiff applies with equal force to him as a driver.

We are therefore of opinion that the relation of master and servant did not exist in this case and that the lower court erred in giving plaintiff's instruction. The judgment is reversed and the case remanded.

*Reversed and remanded.*