E. C. KLIPSTEIN & SONS COMPANY *v.* STATE COMPENSATION COMMISSIONER

(No. 7570)

Submitted April 11, 1933. Decided April 18, 1933.

568

*Silverstein & Silverstein*, for appellant.

*Homer A. Holt*, Attorney General, and *Kenneth E. Hines*, Assistant Attorney General, for respondent.

HATCHER, JUDGE:

A. H. Polhamus was killed on May 11, 1932, by falling from a scaffold while repairing windows for E. C. Klipstein & Sons Company. Compensation was allowed to the dependent children of the deceased, and the company appealed on the ground that deceased was an independent contractor and not within the provisions of the compensation law.

The facts legitimately established are not disputed and are as follows: Polhamus had entered into a contract with the company to repair sixteen windows in one of its buildings, at $5.00 a window. No time was fixed for the completion of the work. The company furnished all the materials for the job. The deceased erected the scaffold with the aid of a helper whom he selected and paid. The company exercised no supervision over the details of the work, or the manner of its performance. The completed repairs were subject to the approval of the manager of the company. The deceased had not worked for the company theretofore and was not carried on its payroll.

After a somewhat comprehensive survey of the authorities, we determined in *Greaser* v. *Oil Company*, 109 W. Va. 396, 398, 155 S. E. 170, that the test of the relation between workman and employer in such case was "the employer's right or lack of right to supervise the work". That conclusion is fully supported by a special treatise on the subject (not cited in

the Greaser case), Moll on Independent Contractors and Employers' Liability, sec. 18. The fact that the company retained general control of the premises, furnished the material for the repairs, and had the right of final inspection does not effect the test. Moll, *supra*, secs. 20 (p. 43b) 22 and 26. As the company had no right of supervision in the instant case, the deceased was an independent contractor.

The ruling of the commissioner is accordingly reversed.

*Reversed.*