FRANK NULL

*v.*

STATE COMPENSATION COMMISSIONER *et al.*

(No. 9714)

Submitted September 5, 1945.    Decided September 25, 1945.

*James G. Jeter, Jr.,* for appellant.
*Frank Lyon, Jr.* and *Brown, Jackson & Knight,* for appellee.

LOVINS, PRESIDENT:

This appeal presents one question: Was claimant at the time of his injury an employee or an independent contractor?

Frank Null, claimant, was employed as a coal loader by The Hatfield-Campbell Creek Coal Company for approximately twenty-one years prior to his injury. On or about September 2, 1943, he requested the mine foreman to transfer him from the night shift to the day

shift. This request was denied for the reason that there was no vacancy on the day shift. He thereupon requested the mine foreman to give him authority to cut mine posts and ties for use in the coal company's mine, which request was granted by the mine foreman, although said foreman now disclaims authority to grant such request. The mine superintendent testified that he did not give claimant authority to engage in the work of cutting and manufacturing posts and ties. Nevertheless, claimant commenced cutting ties and posts on or about September 3, 1943. The timber from which the posts and ties were manufactured was cut from land leased by the coal company and transported to the mine, where they were inspected and those not coming up to specifications were rejected and payment therefor was not made. Null furnished his own tools; employed his two sons to assist him; paid a motor truck operator to transport the posts and ties to the mine portal; and fixed his own working hours. There was no formal contract between Null and the coal company with reference to doing the work of cutting and manufacturing the posts and ties or the details thereof. Null testified that he knew the price paid by the company, as well as the length of the posts and ties, and admits that the coal company had no control as to whom he employed.

On September 24, 1943, while engaged in hewing a tie, claimant cut his left leg with an axe. He worked on the day following his injury, but thereafter he ceased work until March 4, 1944, when he resumed his former work as coal loader. Ties and posts were cut and manufactured and he was paid therefor while disabled.

Null was credited for posts and ties accepted by the coal company, and the amounts due him were entered on the payroll under the heading "Other Credits". His wages as a coal loader were entered on the payroll under the heading "Earnings". Social security and withholding taxes were deducted from his earnings as a coal loader, but no such deductions were made from the

credits derived from cutting posts and ties. It is not disclosed whether the amounts paid Null for cutting posts and ties were reported as wages to the compensation commissioner for rate-making purposes.

On application of Null, he was awarded compensation benefits on a basis of temporary total disability. The coal company objected and after a hearing, Null was awarded compensation on the basis of temporary total disability for twenty-two and six-sevenths weeks, and the coal company appealed. The Workmen's Compensation Appeal Board reversed the order of the commissioner, and held that Null was an independent contractor at the time he received his injury. From the last-mentioned order an appeal was prosecuted to this Court.

An independent contractor injured while performing his contract is not entitled to payment of benefits from the Workmen's Compensation Fund. *Rawson* v. *Coal Co.*, 100 W. Va. 263, 130 S.E. 492. Some of the facts here presented indicate that Null was an independent contractor. Other facts tend to show that he was an employee. As indicating that he was an independent contractor, his credit for the work was calculated on the basis of the number of posts and ties accepted by the coal company, and the time element did not enter into the calculation of such credits. Claimant also supplied his own tools, fixed his hours of work, and employed his own assistants. These are circumstances tending to establish the relationship of contractor and contractee, but they are not conclusive. *Knicely* v. *Railroad Co.*, 64 W.Va. 278, 61 S.E. 811. As establishing the relationship of employer and employee, it is plain that claimant's work in manufacturing posts and ties was in furtherance of the general business of his employer, and that no special skill was required for the work. The latter factual elements are indicative only and not conclusive of the relationship of Null as an employee. The crucial test is the existence of the right of supervision by the coal company. If the company had the right to

supervise the work done by Null, it was an employer and Null an employee. If the right to supervise was not retained by the coal company, the relation was that of employer and independent contractor. *Carrico* v. *W.Va. C. & P. R'y Co.,* 39 W. Va. 86, 19 S. E. 571; *Greaser* v. *Oil Company,* 109 W.Va. 396, 155 S.E. 170; *Klipstein* v. *Commissioner,* 113 W.Va. 567, 169 S.E. 169; *Rogers* v. *Boyers,* 114 W.Va. 107, 170 S.E. 905; *Meyn* v. *Auto Co.,* 118 W.Va. 545, 191 S.E. 558.

Null made a *prima facie* case by showing that he was engaged in working for the coal company on its premises; that the work done was in furtherance of the general business of coal mining; and that he was paid by the coal company. *Kirkhart* v. *United Fuel Gas Co.,* 86 W.Va. 79, 102 S.E. 806. It is ordinarily considered when one person renders service for another that the relationship of employer and employee exists. *Crowder* v. *Compensation Com'r,* 115 W.Va. 12, 174 S.E. 480. See *Smith* v. *Coal Co.,* 92 W.Va. 253, 115 S.E. 477. It was incumbent upon the coal company to show that claimant was an independent contractor. *Kirkhart* v. *United Fuel Gas Co., supra; Waldron* v. *Coal Co.,* 89 W.Va. 426, 109 S.E. 729.

It will be borne in mind that claimant was an employee prior to commencing the work of cutting and manufacturing mine posts and ties, and that relationship had existed for approximately twenty-one years. The uncertain and casual manner in which he was permitted to change from one kind of work to another does not disclose that the coal company relinquished the right of supervision over claimant which it undoubtedly possessed prior to the entry of claimant on the work in which he was injured. The coal company has failed to show that the right of supervision which it had while Null was loading coal was relinquished when he changed his work from loading coal to cutting mine posts and ties. There is nothing to show that the coal company or Null had any thought of creating the relationship of

contractor and contractee. Certainly the facts that the mine foreman had no authority and the mine superintendent did not give authority to Null to change his work clearly indicate that no contract was entered into between him and the coal company. It is true that Null was paid for ties and posts cut by some one after he ceased to work, but that fact alone does not fix his relationship as an independent contractor. *Knicely* v. *Railroad Company, supra.* We are of the opinion that there is no showing that the coal company relinquished its right of control and supervision over claimant when he changed his work from coal loading to the cutting and manufacture of posts and ties.

For the foregoing reasons the order of the Workmen's Compensation Appeal Board is reversed and the order of the State Compensation Commissioner is reinstated.

*Reversed.*