GARNER *v.* ROGERS.

5-2675                                               356 S. W. 2d 418

Opinion delivered April 23, 1962.

*Barber, Henry, Thurman & McCaskill,* for appellant.

*Catlett & Henderson,* for appellee.

JIM JOHNSON, Associate Justice. This is a workmen's compensation case. The dispute is over whether Walter B. Rogers, a deceased workman, was an employee of appellant, D. H. Garner, Contractor, at the time of receiving the injury which took his life.

It is appellants' forceful contention that the deceased was an independent contractor. The Workmen's Compensation Commission found the deceased to be an employee within the meaning of the Workmen's Compensation Act. This finding was affirmed by the Pulaski Circuit Court, all of which results in this appeal.

For reversal appellant relies upon only one point, i.e., "There is not sufficient competent evidence in the record to warrant the making of the award."

The unchallenged facts set forth in the briefs are as follows:

Walter B. Rogers, prior to his death on July 8, 1960, owned a dozer, a loader and a truck, on which he hauled the equipment. He worked for anyone who called for his services and occasionally would hire at random someone to help him on an hourly basis, as he did not need a full time employee because he himself operated both the dozer and the loader. He almost invariably worked on an hourly basis, and was paid $12.50 per hour for his work. His widow, appellee Marie Rogers, kept his records, and each night would enter therein the number of hours he worked the preceding day.

At approximately 6:00 or 6:30 o'clock on the morning of July 8, 1960, appellant D. H. Garner, Contractor called Rogers by telephone and asked if his dozer was available. Upon receiving an affirmative reply, appellant advised Rogers where the job was located and told him to help clear out the small timber on a designated right-of-way near the armory building of the Little Rock University. Appellant stated that the work would last approximately two days; that he would be paid upon completion of the work at the rate of $12.50 per hour; and that he should report as soon as possible for appel-

lant needed immediate assistance, since all of the equipment of appellant was in use.

At the time Rogers began the work the appellant was using his employees, James D. Gray as a scraper operator, Ted Knoedl, as a timber cutter, and Lee Blair, Jr., as a dozer operator, in the performance of the clearing contract which appellant had undertaken. A short time after Rogers commenced work his dozer came in contact with a live wire and he was fatally injured.

After the death of Rogers, the appellee, Marie Rogers, upon the request of appellant, prepared and mailed to appellant a statement for dozer work of 40 hours at $12.50 per hour, totaling $500.00. Appellant had agreed to this amount because the dozer was inactive for several days subsequent to and on account of the death of Rogers.

Section 81-1302(b), Arkansas Statutes, defines an employee as follows:

"Employee means any person . . . in the service of an employer under any contract of hire or apprenticeship, written or oral, express or implied . . ."

It early was held that in determining whether one is an employee or an independent contractor, the Workmen's Compensation Act is to be given a liberal construction in favor of the workman, any doubt is to be resolved in favor of his status as an employee, rather than an independent contractor. *Irvan* v. *Bounds,* 205 Ark. 752, 170 S. W. 2d 674; *Parker Stave Company* v. *Hines,* 209 Ark. 438, 190 S. W. 2d 620; *Wren* v. *D. F. Jones Construction Co.,* 210 Ark. 40, 194 S. W. 2d 896; *Farrell-Cooper Lumber Company* v. *Mason,* 216 Ark. 797, 227 S. W. 2d 445; and *Feazell* v. *Summers,* 218 Ark. 136, 234 S. W. 2d 765.

This Court in *Parker Stave Company* v. *Hines, supra,* specified these indicia for determining whether a person employed to do certain work was an independent contractor or a servant: (a) control over the work which

is reserved by the employer, (b) the time for which the workman is employed, (c) the right to terminate the employment without liability, (d) the method of payment, whether by time, job, piece or other unit of measurement, and (f) the obligation to furnish necessary tools and equipment.

This Court has consistently stated that in testing the sufficiency of evidence the testimony must be weighed in its strongest light in favor of the Commission's findings, and if there is any substantial evidence to support them, such findings will be affirmed. The Commission acts as a trier of facts, and on appeal its findings are entitled to the force and effect of a jury verdict. See: *Reynolds Metals Company* v. *Robbins,* 231 Ark. 158, 328 S. W. 2d 489.

Following these rules, without detailing the evidence here, suffice it to say we find from a careful examination of the record that there is some substantial evidence, though extremely close, from which the Commission could have concluded that the tests as set out in *Parker Stave Company* v. *Hines, supra,* were met.

Affirmed.