HERBERT E. MYERS

*v.*

WORKMEN'S COMPENSATION COMMISSIONER,
AND LIPPERT PLUMBING AND HEATING CO.

(No. 12557)

Submitted April 19, 1966.        Decided June 7, 1966.

564

*R. L. Theibert,* for appellant.

*D. Boone Dawson,* for appellees.

CAPLAN, PRESIDENT:

This is an appeal by the claimant, Herbert E. Myers, from an order of the Workmen's Compensation Appeal Board entered on January 12, 1966, which affirmed an order of the Workmen's Compensation Commissioner. That order, dated August 25, 1965, denied the claimant's application for benefits on the ground that the claimant was not an employee within the meaning of Code, 1931, 23-2-1, as amended.

In May, 1964, appellee Lippert Plumbing and Heating Company, hereinafter referred to as Lippert, was engaged as a subcontractor for the installation of certain plumbing on a construction project in Point Pleasant, West Virginia. In the performance of that contract it became necessary to make an excavation in which to lay a pipeline. Lippert, being primarily a plumbing company, did not maintain equipment nor did it retain employees to do this type of

work. Consequently, John Groah, Lippert's superintendent, contacted the claimant who ordinarily performed this type of work and inquired if he would be interested in accepting this employment. Upon receiving an affirmative reply Mr. Groah later instructed Raymond Ray, an employee of Lippert, to contact the claimant and arrange for him to begin work on May 12, 1964. The claimant reported on the job on that day, bringing with him his own backhoe machine with which he would do this work. The superintendent and Mr. Ray had outlined with lime the line along which the excavation was to be made. Pursuant to the instruction of Mr. Groah, Mr. Ray, who was described as a laborer, was to work with the claimant, his duty being to determine that a proper grade was being maintained in order that the pipe line might be correctly placed. It was understood that the claimant was to follow Mr. Ray's instructions, particularly as to the grade of the excavation. While the superintendent did not remain on this particular job with the claimant, it is undisputed that he made an inspection at least once every hour to see that the job was being done in a proper manner.

When the claimant was retained to do this work he was under the impression that it would take approximately eight hours, but no definite time was stated in which the job must be done. For this work, which included his services and the use of his backhoe machine, he was to be paid ten dollars per hour. There was no contract in writing, the claimant being hired, as heretofore indicated, on an hourly basis.

The claimant worked for approximately two and one-half hours on May 12, 1964, and for an hour and three-quarters on May 13, when he received the injury for which he now seeks compensation. Mr. Myers was taken to the hospital and was unable to personally complete the job. The next day his wife obtained another machine operator who, with claimant's machine, completed the excavation required by Lippert. The second operator was paid for his services by the claimant.

It is the position of the claimant that he was an employee of Lippert Plumbing and Heating Company and was therefore entitled to compensation for the injuries received while in such employment. He claims that his work was completely controlled by Lippert, through its superintendent and Mr. Ray, as evidenced by the fact that the superintendent and Mr. Ray told him where the excavation was to be made and continuously guided and controlled his activities. He says that he was told when and how to perform his duties. The claimant testified that when he came on the job it was raining and he did not want to proceed with this work but was told that he must.

It is the contention of the appellee that the claimant was not an employee of the company, but rather was an independent contractor. Mr. Groah testified that he had nothing to do with the work other than to lay out the lines to be followed, although he admitted that he made inspections at least once every hour. Mr. Ray stated in his testimony that he did not control the claimant's work but directed it only as to the grade. He further disputed the claimant, saying that he did not require him to work in the rain. He agreed that Mr. Groah made an inspection of the work at least once an hour.

The sole question to be resolved is whether the claimant, in performing this work, was an employee of Lippert or an independent contractor within the meaning of the workmen's compensation act.

In making this determination no general rule can be laid down which covers all situations. Each case must be resolved on its own facts and ordinarily no one feature of the relationship is controlling, but all must be considered together. *Rawson* v. *Jones-Winifrede Coal Company,* 100 W. Va. 263, 130 S. E. 492; *Pettis* v. *Harken, Inc.,* 263 Minn. 289, 116 N. W. 2d 565. Thus, it becomes necessary to consider the entire circumstances of the relationship between the claimant and Lippert and to evaluate the factors which determine what that relationship constitutes.

As herein noted, Lippert hired the claimant to perform certain services for it. It is ordinarily considered when one person is retained to render a service for another that the relationship of employer and employee exists. *Null* v. *State Compensation Commissioner, et al.,* 128 W. Va. 6, 35 S. E. 2d 359; *Crowder* v. *State Compensation Commissioner, et al.,* 115 W. Va. 12, 174 S. E. 480. To overcome this presumption it is incumbent upon the one who hired the workman to show that the latter is an independent contractor. *Kirkhart* v. *United Fuel Gas Co.,* 86 W. Va. 79, 102 S. E. 806.

The controlling factor in determining the status of a workman is whether the hiring party retains the right to control and supervise the work to be done. Whether the control is actually exercised is unimportant. The right to exercise control and supervision is the determinative element. *Spencer* v. *The Travelers Insurance Company,* 148 W. Va. 111, 133 S. E. 2d 735; *Davis* v. *Fire Creek Fuel Company, et al.,* 144 W. Va. 537, 109 S. E. 2d 144. This principle is well stated in the syllabus of *Greaser* v. *Appaline Oil Company,* 109 W. Va. 396, 155 S. E. 170, as follows: "The test of the relation between one having work done and the workman consists in the employer's right or lack of right to supervise the work. If that right exists, the relation is that of master and servant. If that right does not exist, the relation is that of employer and independent contractor." In *Null* v. *State Compensation Commissioner, et al.,* 128 W. Va. 6, 35 S. E. 2d 359, the Court said: "The crucial test is the existence of the right of supervision by the coal company. If the company had the right to supervise the work done by Null, it was an employer and Null an employee." See also *Crowder* v. *State Compensation Commissioner, et al.,* 115 W. Va. 12, 174 S. E. 480; *Smith* v. *Donald Coal Company,* 92 W. Va. 253, 115 S. E. 477; and *Kirkhart* v. *United Fuel Gas Co.,* 86 W. Va. 79, 102 S. E. 806.

Other jurisdictions also adhere to the rule that the right of the hiring party to exercise control and supervision over the work to be done calls for the conclusion that the relationship is that of employer and employee. *Mount* v. *City of Redwood Falls,* 260 Minn. 16, 108 N. W. 2d 443; *Garner*

v. *Rogers,* 234 Ark. 1069, 356 S. W. 2d 418; *Maryland Casualty Co.* v. *Real* (Tex. Civ. App.), 244 S. W. 2d 865; *Piantanida* v. *Bennett,* 17 N. J. 291, 111 A. 2d 412.

In the instant case the employer says that he did not exercise any control or supervision over the work performed by the claimant. As shown by the above cited and quoted authorities, it is of no moment that an employer does not actually exercise control. The important consideration is whether he had the right to exercise such control and supervision. This is succinctly stated in Point 2 of the Syllabus of *Spencer* v. *The Travelers Insurance Company,* 148 W. Va. 111, 133 S. E. 2d 735, as follows: "If the right to control or supervise the work in question is retained by the person for whom the work is being done, the person doing the work is an employee and not an independent contractor, and the determining factor in connection with this matter is not the use of such right of control or supervision but the existence thereof in the person for whom the work is being done."

Lippert, through its superintendent and employee Ray, clearly retained the right to control and supervise the work to be done by the claimant. If such right to control did not exist, what was the purpose of the hourly inspections by the superintendent? It is quite obvious that if the claimant were not performing his work to the satisfaction of Lippert, the latter could and probably would require him to do it in a different manner. Furthermore, if the claimant's work were unsatisfactory he could be discharged then and there by Lippert. That in itself is an indication of an employer-employee relationship. *Garner* v. *Rogers,* 234 Ark. 1069, 356 S. W. 2d 418.

Other factors are frequently considered in determining whether a workman is an employee or an independent contractor. The method of payment is relevant although not conclusive. Payment by the hour or by any such unit of time is very strong evidence of employment status as opposed to that of independent contractor. Larson, Workmen's Compensation Law, Vol. 1, §44.33 (a). "One of the usual

and ordinary tests, and, in many instances, the decisive test, which stamps one engaged in performing work an employee rather than an independent contractor, is the fact that wages are paid, and that upon an hourly, daily, or weekly basis." *C. R. Meyer & Sons Co.* v. *Grady,* 194 Wis. 615, 217 N. W. 408. In *Bituminous Casualty Corporation et al.* v. *Wilkes,* 77 Ga. App. 764, 49 S. E. 2d 916, against an array of indicia of independent contractorship, the Court inferred from the circumstances, including the fact that Wilkes was paid on an hourly basis, that the employer had the right to exercise control over the work, could have checked as to how the time was spent and could have terminated the employment at any time. It was held there that the relationship was that of employer-employee.

Myers, the claimant in this case, was paid ten dollars per hour. No time was specified within which the work was to be completed. He could have done the work in three hours or in twenty-three hours and during that time his work was subject to the constant supervision of Lippert. Also, the employer could have terminated this employment at any time. See also *Lawrence* v. *Industrial Commission,* 391 Ill. 80, 62 N. E. 2d 686.

It is asserted by the appellee that ownership by the claimant of the substantial equipment used on the job indicates that the claimant was an independent contractor. While this is a proper consideration in the determintion of the question presented, it is by no means conclusive. All of the circumstances, with particular emphasis on the right to control and supervise the work, as heretofore discussed, must be considered.

The right to terminate employment without liability is an important factor. If this right exists in the hiring party, his right to exercise control over the job is further supported. It is stated in Larson, Workmen's Compensation Law Vol. 1, §44.35, that the power to fire is the power to control. As heretofore noted, the hiring party in the instant case could have discharged the claimant if the latter's work was unsatisfactory. See *Green Valley Cooperative Dairy*

*Co.* v. *Industrial Commission,* 250 Wis. 502, 27 N. W. 2d 454; *Industrial Commission* v. *Meddock,* 65 Ariz. 324, 180 P. 2d 580.

In determining whether one is an employee or an independent contractor within the meaning of the workmen's compensation act, the act must be given a liberal construction in favor of the workman and any doubt is to be resolved in favor of his status as an employee, rather than an independent contractor. We believe, from all the circumstances of this case, that Lippert retained the right of control over the work of the claimant, and even if there is some doubt as to such status, any doubt must be resolved in favor of the workman.

Applying the principles and criteria discussed herein to the recited facts, we are of the opinion that the relation of employer and employee existed between Lippert Plumbing and Heating Company and the claimant within the purview of the workmen's compensation act.

It occurs to us that the decision of the appeal board is not based so much on a finding of fact as upon the application of legal principles to the pertinent facts which are not materially disputed. In either event, the decision of the appeal board is not supported by the evidence, and is plainly wrong. *Meade* v. *State Compensation Commissioner, et al.,* 147 W. Va. 72, 125 S. E. 2d 771; *Flynn* v. *State Compensation Commissioner, et al.,* 141 W. Va. 445, 91 S. E. 2d 156; *Walk* v. *State Compensation Commissioner, et al.,* 134 W. Va. 223, 58 S. E. 2d 791; *Wills* v. *State Compensation Commissioner, et al.,* 114 W. Va. 822, 174 S. E. 323.

For the reasons stated herein the order of the Workmen's Compensation Appeal Board is reversed and the case is remanded to the State Compensation Commissioner for such further proceedings as may be proper in conformity with the principles enunciated in this opinion.

*Reversed and remanded.*