FRANK D. HUTCHINS

*v.*

WORKMEN'S COMPENSATION COMMISSIONER *and* COAL AND

CONSTRUCTION COMPANY

(No. 14459)

Decided October 9, 1979.

*Timothy G. Leach* for appellant.

*Spilman, Thomas, Battle & Klostermeyer, William T. Brotherton, III,* for appellee.

PER CURIAM:

This is an appeal by claimant, Frank D. Hutchins, from an order of the Workmen's Compensation Appeal Board affirming a decision of the Workmen's Compensation Commissioner rejecting the claimant's claim on the ground that he had failed to establish that the disability

which he had sustained was due to an injury received in the course of and as a result of his employment with Imperial Coal and Construction Company.

The claimant was an employee of Imperial Coal and Construction Company and usually worked at the company's Beard's Fork Mine. On May 27, 1977, the date of the accident giving rise to the claim in this case, the Beard's Fork Mine was closed because of equipment failure, and only two of Imperial's employees, Walter Webb, the mine foreman, and Paul Comer, an electrician, were authorized and directed by company management to work.

On one occasion prior to May 27, 1977, Imperial had discussed sub-leasing the Beard's Fork Mine to a man named Scott Gibson. However, nothing had resulted from the discussion. According to the claimant's testimony, Mr. Gibson owned a trailer located a short distance from the Beard's Fork Mine. On May 27, 1977, Mr. Gibson hired the claimant to haul rock from the mine to the road leading to the trailer. To complete the job the claimant, working under orders from Mr. Gibson, boarded an endloader belonging to Imperial and began gathering rock from Imperial's property. While in the process of gathering the rock, the claimant was injured when a highwall at the mine collapsed.

Imperial Coal and Construction Company was a subscriber to the Workmen's Compensation Fund at the time of the accident. Apparently Scott Gibson was not. The claimant, therefore, filed a workmen's compensation claim for his injuries and sought to charge the claim against Imperial's account.

In hearings conducted in the case, the claimant testified that two Imperial employees were working on the mine premises at the time of the accident. The company introduced evidence showing that the two employees had appeared on the scene only after the claimant had been knocked off the endloader by the collapsing highwall.

It is the claimant's position that even though he was not actually working for Imperial at the time of the accident, the company should be held liable because it was imputedly aware of his actions, and it thus condoned or ratified them.

It is clear that in West Virginia, to collect workmen's compensation benefits, a claimant must be an "employee" as that term is defined in *W. Va. Code*, § 23-2-1a.

In discussing who is an "employee" for the purposes of the Workmen's Compensation Act, we have held that to ascertain whether a workman is an "employee" each case must be resolved on its own facts, and ordinarily no one feature of the relationship is controlling, but all must be considered together. *Myers v. Workmen's Compensation Commissioner*, 150 W. Va. 563, 148 S.E.2d 664 (1966). We have also held that a request of a person to do certain work is only one of the elements to be considered in determining employment, the other elements being compensation for such work and the power to discharge, but the most important element is the right or power of direction and control of the manner in which the work is to be performed. *Davis v. Fire Creek Fuel Co.*, 144 W. Va. 537, 109 S.E.2d 144 (1959).

The undisputed evidence in the case before us shows that the claimant was working at the request of Scott Gibson; he was to be compensated by Mr. Gibson; and Mr. Gibson had the right to discharge him. Even though there is conflicting evidence on the question of whether Imperial's employees were on the premises at the time of the accident, the claimant's own testimony shows that he was operating the endloader under Mr. Gibson's orders, and that he was operating that endloader to repair a road leading to a trailer owned by Mr. Gibson. There is no showing that the persons ultimately charged by Imperial with the management and operation of the mine were aware of or condoned the claimant's acts.

After applying the factors set forth in *Davis* to these facts, we conclude that the Workmen's Compensation

Appeal Board was correct in finding that the claimant was not an "employee" of Imperial Coal and Construction Company at the time of his injury.

The order of the Workmen's Compensation Appeal Board is, therefore, affirmed.

*Affirmed.*