RUTH MADELINE BARKLEY

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

RESERVE LIFE, INC.

(No. 14735)

Decided May 27, 1980.

*Coleman & Wallace, Robert J. Wallace,* for appellant.

*Steptoe & Johnson, Carl F. Stucky, Jr.,* for appellee.

CAPLAN, JUSTICE:

In this appeal from a final order of the Workmen's Compensation Appeal Board, the claimant, Ruth Madeline Barkley, challenges the Appeal Board's decision affirming an order of the Workmen's Compensation Commission denying her compensation on the ground she was not injured in the course of her employment.

Until the early part of May 1977 the claimant worked as an office manager for Reserve Life Inc., an insurance company. That status ended on May 31, 1977 and the claimant was to begin work in June as a detached soliciting agent. It was on June 6, while traveling in her car from her home in Bemis to the Petersburg office of Reserve Life that claimant was involved in an automobile accident and sustained the injuries which are the subject of her claim.

The claimant had not intended to work the latter part of May and, having anticipated being on leave for this period, she had, on May 10, spoken with her district

manager, Leroy Skiles, about the date of her return to work in June. She recalled Skiles telling her to come to the office in Petersburg on Monday morning, June 6, because there would be a sales drive that day. She testified, however, that she wasn't required to come back on that day but had picked the date herself because her leave had expired. Mr. Skiles' recollection of the May 10 conversation was that no mention was made of a specific return date or of a June 6 sales drive. Rather, he said the plan had been for claimant to let him know when she was ready to return. In fact, he testified that the office was closed on June 6.

The Commissioner initially ruled the claim compensable. The employer protested and after a hearing, the Commissioner reversed his earlier order and denied compensation. Claimant appealed and the Appeal Board concluded ". . . the claimant has failed to establish by proper and satisfactory proof that her injuries were suffered in the course of and as a result of her employment and has failed to establish that she was an employee as contemplated by the West Virginia Code."

In determining whether a workman is an employee or an independent contractor for purposes of workmen's compensation coverage, this State adheres to the "right to control test." The following appears as Point 3 of the Syllabus in *Myers v. Workmen's Compensation Commissioner*, 150 W.Va. 563, 148 S.E. 2d 664 (1966):

"If the right to control or supervise the work in question is retained by the person for whom the work is being done, the person doing the work is an employee and not an independent contractor, and the determining factor in connection with this matter is not the use of such right of control or supervision but the existence thereof in the person for whom the work is being done."

To ascertain whether the right to control exists, each case must be resolved on its own facts. No single feature of the relationship is controlling and all factors must be considered. Syl. pt. 1, *Myers, supra.*

The record of this case reveals conflicting evidence on the question of whether this claimant was an employee or an independent contractor.

Soliciting agents work exclusively for Reserve Life. The company pays for the renewal of salesmen's licenses, provides free training material and conducts regular meetings for the purpose of instructing them on the proper methods for the performance of their job. Agents are required to report to district offices, and to meet individually and in groups with the manager. Failure to attend meetings or report daily sales activities to the district office results in discharge. All policies are subject to approval by the district office. Agents are paid on a commission basis only, with deductions from renewal checks for social security, federal and state withholding and hospitalization, a portion of which the company pays.

While the foregoing conditions of claimant's employment are generally indicative of employee status, the record also contains evidence consistent with independent contractor status. The company's own definition of a soliciting agent states that the company regards these persons as independent contractors, not employees subject to the right of control, and that the company's only interest is the result, not the manner of performance. Soliciting agents are provided with no offices, are paid no expenses and must provide their own transportation. They are not required to work specific hours and are not told where or when to sell their product.

Testifying to the ultimate fact in issue, Leroy Skiles related that managers do not exercise control over the agents, conversely, the claimant testified that managers clearly do exercise control over the manner in which agents perform their work.

While the employer asserts to be interested only in the result, it is evident that to achieve the desired result they had and exercised control over the manner in which the result was reached. The company instructed the agents as to the manner in which they were to

perform their duties, provided names of prospects, required agents to report their performance, evaluated that performance and discharged agents for unsatisfactory performance. While this relationship is nothing more than a reasonable and necessary arrangement for the successful operation of the business, it is nonetheless a relationship in which the company clearly has the right to control the manner in which the agents perform their work. It is the very control that assures the business will operate well. To operate without it would be imprudent; yet, having created a relationship which affords them the control necessary to operate a business successfully the company cannot now deny its existence. While the company's characterization of this relationship is evidence of the worker's status it is not conclusive[1] and does not alter the true nature of the relationship.

Also, consistent with employee status is the fact that their soliciting agents perform their services exclusively and continuously for Reserve Life rather than selling independently for several companies. Although as appellee asserts, payment by commission is consistent with independent contractor status, deductions from commission checks and part-payment of hospitalization are consistent with employee status.

The evidence of the company's right to control the manner in which the detached soliciting agents performed their work, and the evidence that agents worked continuously and exclusively for Reserve Life, is persuasive evidence of this claimant's employee status. Moreover, it must be remembered that the status of an injured worker is resolved in favor of employee status. *Myers v. Workmen's Compensation Commissioner, supra.* We conclude that the evidence clearly preponderates against the Appeal Board's finding that claimant was not an employee. This Court will reverse findings of the Appeal Board if they are against a clear preponderance

---

[1] *Davis v. Home Insurance Company,* 291 So. 2d 455 (La. App. 1974).

of the evidence. *Estep v. State Workmen's Compensation Commissioner*, 130 W.Va. 504, 44 S.E.2d 305 (1947). Under normal circumstances our reversal of the Appeal Board on the employee question would require reversal of their final decision denying compensation to the claimant. However, in the instant case the Appeal Board reached the proper result of denying compensation by virture of their ruling supported by evidence on the question of whether the claimant's injuries were received in the course of employment.

The general rule in this State regarding workmen's compensation claims is that injuries which arise from the ordinary use of streets and highways are not compensable unless the employee's use of the highway in that instance is required in the performance of their duties. *Buckland v. State Compensation Commissioner*, 115 W.Va. 323, 326, 165 S.E. 785, 787 (1934); *Harris v. State Workmen's Compensation Commissioner*, ____ W.Va. ____, 208 S.E.2d 291 (1974). If at the time of the injury the employee is required, in carrying out his duties of employment, to use the highway, the injury is then deemed to be within the course of employment.

The narrow question to be answered is whether the claimant's use of the highway on June 6, 1977 was required by the employer.

The claimant testified that in the early part of May, at the time she terminated her active status as district manager for Reserve Life, she spoke with Leroy Skiles, her district manager. She recalled that Skiles told her to be in his office in Petersburg on Monday morning, June 6, for a sales-drive meeting. It was to this meeting, she says, that she was traveling when the accident occurred. By contrast, Skiles testified that he had no recollection that when he talked to the claimant in May there had been any requirement for her to come to the office on June 6. He testified that in fact he was not in that office on that date, the office was closed, and no meeting was scheduled or occurred there. On cross-examination, the claimant testified in seeming contradiction of her earlier

statement that she was not required to come into the office on that particular day, but that the reason she was coming in then had to do with the expiration of her leave time, and the fact that it was a Monday.

While there is conflicting evidence on this point, we conclude the evidence clearly supports the finding that the claimant was not required by the employer to travel on the highway on June 6, 1977, and that accordingly her injuries were not received in the course of her employment. Findings of the Appeal Board which are supported by the evidence will not be disturbed on appeal. *Sisk v. State Workmen's Compensation Commissioner*, 153 W.Va. 461, 170 S.E.2d 20 (1969): *Haines v. Workmen's Compensation Commissioner*, 151 W.Va. 152, 150 S.E.2d 883 (1966). The following appeared in Point 2 of the Syllabus in *Jordan v. Workmen's Compensation Commissioner*, 156 W.Va. 159, 191 S.E.2d 497 (1972): "This Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that the finding is plainly wrong."

For the foregoing reasons the September 29, 1979 decision of the Appeal Board denying claimant compensation is affirmed.

*Affirmed.*