497 S.E.2d 771

**FARMERS & MECHANICS MUTUAL INSURANCE COMPANY OF WEST VIRGINIA, Appellee,**

v.

**John A. CASEY and Elaine S. Casey, Defendants Below, Appellants,**

**Lloyd Kesner, Defendant Below, Appellee.**

**No. 23992.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 15, 1997.

Decided Nov. 21, 1997.

---

William Richard McCune, Jr., Tammy Mitchell Bittorf, McCune, Bittorf & Layva, Martinsburg, for Farmers & Mechanics Mutual Insurance Company of West Virginia.

Peter L. Chakmakian, Charles Town, for the Caseys.

Bruce A. Kirkwood, Kirkwood & Rogers, Cumberland, MD, for Kesner.

PER CURIAM: [1]

This is an appeal by John A. Casey and his wife from a summary judgment order of the

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit

Circuit Court of Jefferson County. In that order the circuit court ruled that the appellee, the Farmers & Mechanics Mutual Insurance Company of West Virginia, which had issued a premises liability policy to the appellants, had no duty to defend the appellants in a civil action brought by Lloyd Kesner, who was injured on the appellants' premises. In reaching its decision the circuit court concluded that the policy to the appellants did not cover the appellants' farm employees and that Mr. Kesner was the appellants' farm employee at the time of his injury. In this proceeding the appellants claim that the circuit court erred in concluding that Mr. Kesner was not covered and in rendering the summary judgment. After reviewing the issues presented and the documents filed, we disagree with the appellants' assertions. The judgment of the Circuit Court of Jefferson County is, therefore, affirmed.

Some time prior to May 16, 1995, the appellee, Farmers & Mechanics Mutual Insurance Company of West Virginia, issued a farm owner's policy to the appellants, John A. Casey and Elaine S. Casey, insuring them against certain perils relating to the ownership of the parcel of property located in Jefferson County, West Virginia. The policy contained certain exceptions and exclusions, one of which stated that coverage for personal liability and medical payments to others did "not apply to liability: . . . k. resulting from bodily injury to a farm employee." The policy defined a farm employee as follows:

> Farm employee means an employee of any insured whose duties are in connection with the farming operations of the insured.

John A. Casey, raised, bred, and boarded horses for profit on the property covered by the policy, and the documents filed in this case indisputedly show that, on May 16, 1995, Lloyd Kesner, who was being paid to clean a fence row on the appellants' property was injured in a tractor accident.

A claim was filed for the damages resulting from the accident against Farmers & Mechanics Mutual Insurance Company of

West Virginia under the policy issued to the appellants, but Farmers & Mechanics Mutual Insurance Company, relying upon the provision which excluded from coverage a "farm employee," denied coverage under the policy. Thereafter, on August 15, 1995, Farmers & Mechanics Mutual Insurance Company of West Virginia filed a complaint in the Circuit Court of Jefferson County seeking a declaratory judgment to the effect that the policy issued to the appellants did not cover the injury to Mr. Kesner.

After extensive discovery each party moved for summary judgment. The court took the motions under advisement, and on June 26, 1996, ruled in a very comprehensive order that the insurance policy in question did not cover the injury to Mr. Kesner. In reaching this conclusion the court stated:

> The Court finds that the policy at issue contains an express Exclusion excluding personal liability and medical payments coverage for liability resulting from bodily injury to a farm employee. The Court further finds that the policy clearly defines the term "farm employee" to mean an employee of any insured whose duties are in connection with the farming operations of an insured. Moreover, the policy clearly defines "farming" to be the ownership, maintenance or use of a premises for the raising or care of livestock, including all necessary operations.

No one contests the fact that John A. Casey was raising or caring for livestock which includes domestic animals such as horses raised for home use and/or for profit. John A. Casey acknowledges the raising, breeding and boarding of horses on his farm and refers to said operations as a horse business.

It also undisputed that Lloyd Kesner was injured on May 16, 1995, during a time wherein he was cleaning out a fence row upon the farm in order to prepare the same for installation of a new fence when the accident occurred. This Court finds that the cleaning of a fence row is inciden-

Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions.

However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

tal and necessary to the operation of John A. Casey's horse business is, in fact, an act which customarily and ordinarily would be undertaken by persons employed in the position as a farmhand under similar circumstances.

Under the laws of the State of West Virginia, when one person has been retained to render a service for another, as Lloyd Kesner was retained by John A. Casey in this instance, the presumption arises that the relationship is that of an employer/employee. Determination of a worker's status revolves around the facts and all facts must be considered. Those factors include the right to discharge for unsatisfactory work, whether or not the employee is engaged in a distinct occupational business, the skill required for the task, whether the employer provides the instrumentalities, tools or place of work, the method of payment whether the employer retains the right to terminate employment without liability and whether the right to control and supervise the work is retained by the employer, amongst others. When these elements are applied to the undisputed facts of this record in this proceeding, a clear finding of employer/employee relationship arises and not that of an independent contractor as contended by Defendants. Lloyd Kesner performed a variety of work assignments for John A. Casey upon the Casey farm over a period of years, including repairing fence, brush hogging fields, mowing grass, maintaining driveways, moving bales of hay to help feed and other tasks assigned. Mr. Kesner did not engage in similar activities or solicit work from other persons. There is no evidence that Lloyd Kesner advertised or held himself as a business or independent contractor for such purposes.

\*     \*     \*     \*     \*     \*

The Court does find that reasonable minds could reach no other conclusion than that the relationship of employer/employee existed between John A. Casey and Lloyd Kesner. Lloyd Kesner was working as a farm employee for John A. Casey on May 16, 1995, and under the clear, unambiguous

and well-defined terms of the policy, there is no coverage.

In the present appeal the appellants claim that the trial court erred in finding that Lloyd Kesner was their farm employee at the time of the accident on May 16, 1995, and that the court erred in holding the policy issued by Farmers & Mechanics Mutual Insurance Company of West Virginia did not cover the injury to Mr. Kesner.

■ In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court stated:

> A circuit court's entry of summary judgment is reviewed *de novo*.

The Court has also stated:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

It appears that in the present case the real question is whether Mr. Kesner was an independent contractor rather than a farm employee at the time of the accident on May 16, 1995.

■ In *Myers v. Workmen's Compensation Commissioner*, 150 W.Va. 563, 148 S.E.2d 664 (1966), this Court extensively discussed the distinction between an independent contractor and an employee. In Syllabus Point 2 of that case the Court stated:

> In determining whether a workman is an employee or an independent contractor, the controlling factor is whether the hiring party retains the right to control and supervise the work to be done.

In Syllabus Point 3 the Court reiterated the rule set forth in Syllabus Point 2 of *Spencer v. Travelers Insurance Company*, 148 W.Va. 111, 133 S.E.2d 735 (1963). That syllabus point states:

> If the right to control or supervise the work in question is retained by the person for whom the work is being done, the person doing the work is an employee and not an independent contractor, and the

determining factor in connection with this matter is not the use of such right of control or supervision but the existence thereof in the person for whom the work is being done.

In the present case the injured individual, Lloyd Kesner, gave a deposition which indicated that John A. Casey retained the right of control over what he did. At one point, the deposition proceeded as follows:

Q. When you worked for Mr. Casey, would you work with him?

A. Yes, most of the time.

Q. Would he tell you what to do?

A. He, you know, would tell me what he wanted done and I try to do it to the best of my ability.

Mr. Kesner further testified that he did not remember ever going to the farm and doing anything that Mr. Casey had not asked him to do. He stated that on the day of the accident Mr. Casey had told him to clean out the fence row where the accident occurred and that he had done what he had been told. Mr. Kesner's deposition proceeded as follows:

Q. Was there ever an occasion when you were doing something and he asked you not to do it?

A. I can't remember.

Q. If he had, would you have stopped?

A. If Mr. Casey asked me to stop, I would have stopped.

He also testified as follows:

Q. Again, you wouldn't move a bale of hay unless he asked you to, would you?

A. No, sir, not unless he asked me to move it.

Q. Did you ever drive any of them [tractors] when Mr. Casey didn't ask you to.

A. No.

The Court believes that this and other evidence in the case which the trial court addressed exhaustively, shows that Mr. Casey did retain control over Mr. Kesner and that Mr. Kesner was Mr. Casey's employee.

As previously stated, the policy language defines a "farm employee" as an employee of the insured who has duties connected with the insured's farming operations. The undisputed evidence in record shows that Lloyd Kesner was injured on May 16, 1995, while he was cleaning out a fence row to prepare it for the installation of a new fence. The evidence also shows that the fence was a reasonable part of Mr. Casey's horse farming operation. Thus, the Court believes that Mr. Kesner was not only Mr. Casey's employee, but also his "farm employee."

In light of the evidence, and given the holding of this Court in Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Company New York, supra,* we cannot conclude that the trial court erred in rendering summary judgment in favor of Farmers & Mechanics Mutual Insurance Company.

The judgment of the Circuit Court of Jefferson County is, therefore, affirmed.

Affirmed.