WALLACE, JUDGE:
The respondent entered into a contract with Vecellio & Grogan, Inc. and Foster & Creighton Company to construct a public road in *285 Kanawha County, West Virginia known as Project 1-64-2 (15) 57. The claimants brought action against the contractors and the respondent in the Circuit Court of Kanawha County, West Virginia, for damages to their property at 98 Cook Drive, Charleston, West Virginia, allegedly caused by the contractors when they trespassed on the property and cut and destroyed a large number of trees and shrubs. On motion, the respondent was dismissed as a defendant pursuant to Chapter 17, Article 4, Section 37 of the Code of West Virginia, which prohibits the State from being named defendant in a proceeding in Civil Court. Subsequently, the matter was settled with the contractors who were released by the claimants.
The claimants filed their claim in this Court against the respondent as a joint tort feasor. The respondent filed its motion to dismiss the claim upon the ground that the release executed by the claimants in the settlement of the civil action against the contractors also released the respondent.
The release released the two contractors “and all of their principals, employees, agents, subsidiaries, parent corporations, successors, and assigns”. Counsel for the respondent contends that the respondent is a principal and was released. Claimants maintain that the contractors were independent contractors performing under a contract executed with the respondent.
In the case of Tracy N. Spencer, Jr. v. The Travelers Insurance Company, 148 W.Va. 111, the West Virginia Supreme Court of Appeals held:
“The question as to whether a person is an employee or an independent contractor depends on the facts in any given case, and all elements must be considered together. 27 Am. Jur., Independent Contractor, *5, page 485. Among the elements to be considered are the manner of selection of the person who is to do the work, how the person is to be paid for such work, the right to hire and to fire, and the right or power of control or supervision in connection with the work to be done, but the most important of all is the last mentioned element, that of power of control or supervision over the manner of doing the work. If the right to control or supervise the work in question is retained by the person for whom the work is being done, the person doing the work is an employee and not an independent contractor.” See Greaser v. Appaline Oil Company, 109 W.Va. 396, Davis v. Fire Creek Fuel Co., 144 W.Va. 537.
*286 In the instant case, the respondent entered into a contract with the contractor based on its plans and specifications. The respondent retained only such control and supervision as was necessary to assure that the plans and specifications were followed but did not control or supervise the contractor’s work or their employees.
“The mere retention by the owner of the right to supervise or inspect work of an independent contractor as it progresses for the purposes of determining whether it is completed according to plans and specifications, does not operate to create the relation of master and servant between the owner and those engaged to work. ..
An employer of an independent contractor may retain a broad general power of supervision and control as to. the results of the work so as to insure satisfactory performance of the contract, including the right to inspect, to stop the work, to make suggestions or recommendations as to the details of the work, or to prescribe alterations or deviations in the work, without changing the relationship from that of owner and independent contractor.” 41 Am. Jur. 2d, Independent Contractor, *10.
It is the opinion of this Court that the supervision by the respondent was not such control aáf tó create a -master-Servant relationship and that the contractors, Vecellio & Grogan, Inc. and Foster & Creighton Co. were independent contractors. The respondent was in fact the principal or employer in the employment of the independent contractors to perform the contract in accordance with its plans and specifications.
■Accordingly, the word “principal” as used in the release executed by the claimants does in fact release the respondent.
Respondent’s motion to dismiss the claim is sustained.
Motion to dismiss sustained.